# Friedman Bros. *v.* Fennell.

*Bill in Equity by Creditor, to subject Proceeds of Policy of Life Insurance by Deceased Debtor.*

1. *Insurance by father for benefit of minor child; liability to debts.* The statute which authorizes the husband or father to insure his own life for the benefit of his minor child or children (Code, § 2356), though liberally construed in furtherance of the relief intended, does not authorize him to transfer and assign to a minor son, in consideration of mutual love and affection, a policy of insurance which he has taken out in his own name; and such assignment being constructively fraudulent as against existing creditors, they may reach and subject the proceeds of the policy by bill in equity after the death of the insured.

2. *Amended bill inconsistent with original.*—When the original bill seeks to subject to the satisfaction of the complainant's debt the proceeds of a policy of insurance alleged to have been taken out by the deceased debtor on his own life for the benefit of his minor son, and an amended bill is afterwards filed, which, not striking out or changing this description, alleges that the debtor took out a policy in his own name and transferred it to his minor son; the inconsistency in the allegations is fatal to relief, unless remedied by further amendment.

[Friedman·Bros. v. Fennell.]

APPEAL from the Chancery Court of Madison.

Heard before the Hon. THOS. COBBS.

The original bill in this case was filed on the 3d August, 1891, by Friedman Bros., a commercial partnership, as a cred·itor of Charles M. Fennell, deceased, against Charles H. Fennell, or "Charles Fennell, Jr.," a minor son of said Charles M., and against the Mutual Benefit Life Insurance Company, a corporation organized under the laws of New Jersey; and sought to reach and subject to the satisfaction of complainant's debt, which had been reduced to judgment on the 20th October, 1885, the proceeds of a policy of insurance which their said debtor had effected on his own life with said insurance company. The bill alleged that said Fennell was insolvent at the time of the rendition of complainant's judgment, and continued insolvent until his death, which occurred in June or July, 1891; that he took out a policy of insurance on his own life with said defendant corporation, after the rendition of said judgment, and paid the annual premiums with his own funds up to his death; that the policy was for $4,000, and was taken out for the sole benefit of said Charles Fennell, Jr., although said C. M. Fennell had a wife and she survived him; and that it "was taken out, and the premiums paid, for the purpose of hindering, delaying, and defrauding the creditors of said Fennell." The bill did not otherwise describe the policy, nor was a copy of it made an exhibit to the bill.

Chas. Fennell, Jr., filed a demurrer to the bill, assigning several grounds of demurrer. An answer was filed by the defendant corporation, alleging that said C. M. Fennell took out a policy of insurance on his own life, for $4,000, on the 28th February, 1889, "payable to himself, executors, administrators, or assigns;" that on the 15th March, 1889, he assigned and transferred this policy to said Charles Fennell, Jr.; and that proofs of the assignment and of Fennell's death had been filed by said assignee. A copy of the assignment was made an exhibit to the answer, reciting that it was given "for value received." An amended bill was then filed, adding another paragraph to it, which alleged that said C. M. Fennell, after the rendition of complainant's judgment, took out a policy of insurance on his own life and paid the annual premiums until his death; that on the 15th March, 1889, with the intent to hinder, delay and defraud complainant and other creditors, he transferred and assigned said policy to his said minor son; and that this assignment was without legal consideration, was fraudulent, null and void, as against complainant and other creditors. A demurrer was interposed to the amended bill, assigning several grounds of demurrer, and the cause was sub·

mitted for hearing on the demurrers. The chancellor sustained the demurrer, but did not specify on what ground, and gave the complainant leave to amend; and his decree is here assigned as error by the complainants.

HUMES & SHEFFEY, for appellants.

WM. RICHARDSON, *contra.*

STONE, C. J.—Our statutes permitting insurance of the life of a husband or father for the benefit of the wife, or child or children, is not declarative of any common-law principle, but is enabling—creative of a new right.—*Con. Life Ins. Co. v. Webb*, 54 Ala. 688. These statutes confer a special privilege. In their nature they are an exemption of property from the payment of debts; and to be successful in securing the exemption, the statute must be conformed to. When, however, the case exists for which the statute makes provision, the statute will be liberally interpreted in furtherance of the relief intended.—*Fearn v. Ward*, 65 Ala. 33–38; s. c., 80 Ala. 555; 3 Brick. Dig., 490, § 8; *Felrath v. Schonfield*, 76 Ala. 199; *Tompkins v. Levy*, 87 Ala. 263; *Elliott's appeal*, 50 Penn. St. 75; s. c., 88 Amer. Dec. 525, and note.

The debt against which the claim of Charles Fennell the younger is asserted, was in existence, and the policy was taken out and the premium money paid by the father, while he was so indebted and was insolvent. It is charged in the bill, and not denied, that the said debt was in existence at and before the time when the Code of 1886 went into operation. Section 2356 of the Code of 1886 changes, somewhat, the statute on the subject theretofore existing —Code of 1876, §§ 2733–4. The contention is urged before us, that inasmuch as the exemption secured under the later Code is an enlargement of that secured by the Code of 1876, the new or enlarged provision can not be made to apply against creditors whose claim ante-dated the amended statute.—3 Brick. Dig., 490, § 8. For reasons to be presently stated, we consider it unnecessary to decide this question.

The language of the statute—Code of 1886, § 2356—is, that "the husband or father may insure his life for the benefit of his wife, or for the benefit of his wife and children, or for the benefit of his minor child or children." It will be seen by comparing the two statutes, that the clause, "for the benefit of his minor child or children," has no counterpart in the statute theretofore existing. That clause is new. Before that time, the only statutory authority for making provision for child or

[Friedman Bros. v. Fennell.]

children by means of life insurance, was to append it to the policy taken out for the benefit of the wife. The insurance, there provided for, enured to the wife only in the event she survived her husband; but the statute—Code of 1876, § 2734—declared that, "In case of the death of the wife before the decease of her husband, the amount of the insurance may be made payable, after death, to her children for their use."

To come within the present statute, and to secure to the child or children the benefit it tenders, the later statute, as we have said, must be conformed to. The policy being in the name of the father, his attempt to transfer it to his child stands on no higher plane than any other attempt he might make to give away his property at the expense of his debts. Such gifts are constructively fraudulent.—*Con. Life Ins. Co. v. Webb*, 54 Ala. 688; *Tompkins v. Levy*, 87 Ala. 263; *Fearn v. Ward*, 80 Ala. 555; *Battle v. Reid*, 68 Ala. 149; 3 Brick. Dig., 490, § 8.

There were original and amended bills in this case. The original bill averred that, by the terms of the policy of insurance, as taken, the insurance money was made payable to the minor child, Charles Fennell, Jr. The answer and exhibit show that the policy was sued out in the name of Charles M. Fennell, the father, and by its terms the insurance money was made payable to him. The policy bears date February 28, 1889. On March 15 next ensuing, Charles M. Fennell assigned the policy to his son, Charles H. Fennell. The amended bill does not, in terms, correct any averments of the original bill, nor does it purport to do so. It simply adds an additional paragraph to the bill, by which it is averred that Charles M. Fennell, after the accrual of his debts, sued out a policy in his his own name, paid the premiums, and that on March 15, 1889, for love and affection, and with intent to delay, hinder and defraud complainants, assigned and transferred the policy to Charles H. Fennell, his son. The amendment fails to show the amount of the policy, or when issued. If its averments were sufficiently specific, its indications would be that it sets forth a different policy from the one relied on in the original bill. If it was intended as a correction of the mistaken description of the policy made in the draught of the original bill, it is insufficient, because it fails to refer to and correct the mistake. Considering the two together, and each as a part of the amended bill, it is inconsistent with itself in the several descriptions of the policy. The bill needs further amendment.

The chancellor gave no reason for his ruling on the demurrer. The bill in its present shape is evidently bad, and, to give it equity, must be amended. We find no ground for reversing his decretal order.

Affirmed.