[Beall & Coston v. Lehman Durr Co.]

# Beall & Coston v. Lehman Durr Co.

*Bill in Equity by Creditors to set aside Fraudulent Conveyance.*

1. *Fraudulent conveyance; sale by solvent debtor may be fraudulent.* A solvent debtor who converts his property into money for the purpose of putting it beyond the reach of creditors, is guilty of a fraudulent sale of property; and if the purchaser, with knowledge of this fraudulent purpose, pays a cash consideration, he is a participator in the fraud, and acquires no title as against the debtor's creditors.

2. *Same; voluntary conveyance; void as to existing creditors.*—A voluntary conveyance is void *per se* as to existing creditors, without regard to the intention of the parties or the circumstances of the grantor, or the amount of his indebtedness, or to the kind, value or extent of the property conveyed.

3. *Same; sufficiency of averments contained in bill.*—Where, in a bill filed by creditors to set aside the sale of goods by their debtor as fraudulent and void as against his creditors, the relief is sought on the grounds (1) that the conveyance was constructively fraudulent, and (2) that it was actually fraudulent; and it is averred that if said conveyance was not voluntary, it was for a greatly inadequate consideration, and that the purpose of the parties in making such transfer was to place the property beyond the reach of the grantor's creditors, and to hinder, delay and defraud his creditors, and it was further averred that as a part of the alleged agreement there was a private or secret understanding between the vendors and vendee "which constituted a part of the agreement under which the transfer and delivery of said goods were made," whereby there was a reservation of a benefit to one of the vendors, which provided that the vendee should pay to him a certain amount of money for his private use and benefit,—such bill is not demurrable on the ground that it fails to aver that the secret benefit alleged to have been reserved to the grantor was so reserved with the intent to hinder, delay or defraud his creditors; the averments of the bill as to the secret benefit not being a distinct ground of relief, but being the averment of facts going to show that there was actual fraud in the transaction.

4. *Bill in equity; when demurrer thereto as a whole not sustained.* A demurrer to a bill in equity as a whole can not be sustained, if, for any equity disclosed therein, the complainant is entitled to relief.

APPEAL from the Chancery Court of Crenshaw.

Heard before the Hon. JERE N. WILLIAMS.

The Lehman Durr Co. filed this bill against Beall &

Coston and George A. Folmar, to set aside as constructively, or as actually, fraudulent, a deed executed by said Beall & Coston to said Folmar, on the 20th of October, 1894, by which they conveyed to the said Folmar their entire stock of goods and merchandise in their two stores in which they carried on a mercantile business at Luverne, Alabama. It is alleged, that said Beall & Coston were indebted to complainant before the date of the execution of said deed, in the sum of $7,000 as evidenced by their two promissory notes, the one for $3,500, dated 3d May, 1894, payable 1st of October after date, with interest from date ; and the other for $1,500, dated June 18th, 1894, payable on the 15th of September, 1894 ; and, that subsequently and prior to the 20th of October, 1894, said parties became indebted to complainant in the sum of $2,000 by open account for money advanced, and work and labor done, and that all of said debts were partnership debts of said Beall & Coston, and were due and owing by them as partners. It is further averred, that the goods and merchandise so transferred, assigned and delivered to the said Folmar, were of value of, to-wit, $12,000.

The allegations of fraud, upon which the deed is sought to be set aside, are ''that there was no consideration for said transfer and delivery of said stock of goods to the said Folmar ; that it was taken by the said Folmar in payment of an alleged indebtedness due by the said Beall & Coston to him. But orators aver that the said Beall & Coston were not indebted to the said Folmar in any sum ; that the said indebtedness which is the alleged consideration for said transfer and delivery of the said stock of goods, was entirely fictitious.'' The other alternative averment for relief, as contained in the fourth paragraph of the bill, is : ''But should orators be mistaken in this, then they aver, that if there was any debt due by the said Beall & Coston to the said Folmar, or any other consideration paid by the said Folmar for the transfer and delivery of said stock of goods, that the consideration so paid was greatly inadequate ; that the value of said stock of goods was greatly in excess of any debt due by said Beall & Coston to the said Folmar, or any consideration paid by the said Beall & Coston to the said Folmar, or any consideration paid by the said Folmar to them for the said transfer and delivery of said stock of goods. That

the said stocks of goods were reasonably worth, at the time of said transfer and delivery, the sum of $12,000, as hereinabove alleged;that this fact was well known to the said Beall & Coston and to the said Folmar, and if the said Beall & Coston were indebted to the said Folmar in any sum, or if he paid them anything for the said stock of goods, the amount of such indebtedness, or the amount paid for such stocks of goods, did not exceed the sum of five thousand dollars. And orators further aver, that the said facts as to the amount of such indebtedness, and the value of such stocks of goods was well known to the said Beall & Coston and to the said Folmar at the time, and the purpose of each and all of said parties in making said transfer, was to place the stock of goods beyond the reach of orators, and the other creditors of Beall & Coston, and was to hinder, delay and defraud orators and said other creditors. Orators are further informed and believe, and upon such information and belief aver and state, that there was a private understanding and agreement between the said Beall & Coston and the said Folmar, which constituted a part of the agreement under which the transfer and delivery of the stocks of goods were made, whereby, there was a reservation of a benefit to the said Beall in the said transaction, in this : that it was agreed and understood that the said Folmar was to pay to the said Beall, individually, in consideration of the said sale and transfer, a large sum of money, to-wit, the sum of four thousand dollars, for the private use and benefit of the said Beall.''

The prayer of the bill was that the conveyance of the property by the respondents, Beall & Coston, to Folmar be set aside as fraudulent and void, as against the complainant, a creditor of said Beall & Coston. The respondents demurrer to the bill, on many grounds, the substance of which were : *First*, that there was no averment in said bill that Beall & Coston were insolvent, and that the property was all or substantially all they owned ; *second*, that said bill did not deny that the respondents had enough property other than that conveyed to Folmar to pay their debts ; and, *third*, it was not averred in said bill that the secret benefit alleged to have been reserved to the said Beall was reserved with a fraudulent intent.

Upon the submission of the cause upon the demurrer, the chancellor overruled the same. The respondents

[Beall & Coston v. Lehman Durr Co.]

appeal from this decree, and assign its rendition as error.

J. C. RICHARDSON, GAMBLE, & BRICKEN and D. M. POWELL, for appellants.—In chancery pleading it is a well settled principle, that where alternative averments are resorted to, if either alternative is bad, then the whole pleading is bad.—*Mountain v. Whitman*, 103 Ala. 630. Tested by this principle, the alternative averment as to the reservation of a secret benefit is bad and its sufficiency is raised by the demurrers above referred to. Therefore, the demurrers should have been sustained.

TOMPKINS & TROY, *contra*.—Whatever construction may have been put upon the statute of 13 Elizabeth, of which our statute is a substantial re-enactment, by the courts of other States, the law in this State is well settled that voluntary conveyances are as against existing creditors void without regard to the solvency *vel non* of the grantor and without regard to his ability to pay his debts.—3 Brick. Dig., 515, § 119 ; *Miller v. Thompson*, 3 Port. 196 ; *Sides v. Scharff*, 93 Ala. 106. The conveyance, if the second alternative state of facts existed, was not constructively fraudulent, but was actually fraudulent. It was a conveyance of all the stock of goods of the firm at a grossly inadequate consideration, made for the purpose of putting the property beyond the reach of creditors, and with the intent to hinder, delay or defraud creditors, and with the reservation of a secret benefit to one of the firm. But even if this second alternaive averment of grounds of relief is defective, in not averring the insolvency of the transferrors, that ground of demurrer is not raised by any one of the grounds assigned. The grounds are assigned as grounds of demurrer to the bill as a whole, and as they are clearly bad as to the first ground of relief, they were properly overruled.—*Tillman v. Thomas*, 87 Ala 321 ; *George v. Central R. R. & B. Co.*, 101 Ala. 607.

The last ground of demurrer is clearly bad. The allegation referred to therein is a part of the alternative allegation setting out that the transfer was for a grossly inadequate consideration, and it was made with the intent to hinder, delay or defraud creditors, and for the purpose of putting the property beyond their reach. So

the bill does, in this connection, contain the averment it is alleged by the demurrer not to contain. It was not necessary to entitle appellee to relief that Beall & Coston should have owed other debts. The transfer was bad as to an existing creditor, as much as it would have been had there been more than one such creditor.

HARALSON, J.—1. It is well settled, that a solvent debtor, as well as one who is insolvent, may be guilty of a fraudulent intent in the sale of his property; that such a debtor may convert his property into money for the purpose of putting it beyond the reach of his creditors, and a vendee who purchases with a knowledge of such fraudulent purpose, for a cash consideration, is a participator in the fraud and acquires no title as against creditors; and that a voluntary conveyance is void *per se* as to existing creditors without any regard to the intention of the parties, or to the circumstances of the grantor, or the amount of his indebtedness, or to the kind, value or extent of the property conveyed.—*Dickson v. McLarney*, 97 Ala. 389; *Smith v. Collins*, 94 Ala. 394; *Sides v. Scharff*, 93 Ala. 107; 3 Brick. Dig. 515, § 119. It is manifest, therefore, if the first alternative averment of fraud be true, the bill contains equity, and is not subject to the demurrer interposed, so far as it rests on that particular ground for relief.

2. But, the bill is filed, not alone on the ground that the sale is constructively fraudulent, as against creditors whose claims existed prior to the execution of the conveyance assailed for fraud, but that it is actually fraudulent as to subsequent creditors, in that it was made with the intent to hinder, delay and defraud the creditors of the grantor.—*Yeend v. Weeks*, 104 Ala. 331. And, its equity is assailed, on this ground, by the demurrer, in that the "bill fails to aver, that the secret benefit alleged to have been reserved [to the grantor] was so reserved with the intent to hinder, injure, delay or defraud complainants, or other creditors of these defendants,"—the said Beall & Coston. But, the demurrer in this respect, is bad for two good reasons. In the first place, the alleged defect in averment does not in fact exist. This reservation of a benefit reserved to the grantor is not set up as a distinct and third alternative averment for relief, as is assumed; but, in its connection, it

was designed to be, and is a part of the *second*
alternative ground for relief, viz., that the convey-
ance is actually fraudulent, having been made with the
intent to hinder, delay and defraud the grantors' credit-
ors.   A casual reading of the 4th paragraph of the bill,
discloses the fact, that relief is sought only on two
grounds,—first, that the conveyance is constructively
fraudulent, and, second, that it is actually fraudulent.
No objection is taken to the sufficiency of the averment
of constructive fraud, but the demurrer is directed to
the sufficiency of averment of actual fraud.   This last
averment, however, is full and sufficient.   It states, in
substance, that if any consideration, at all, was paid for
the conveyance,—and this fact is denied,—it was great-
ly inadequate; that the value of the stocks of goods
transferred and delivered to the grantee, was greatly in
excess of any debt due by said Beall & Coston to the
said Folmar, or any consideration paid by him to them
therefor; that the goods so transferred were reasonably
worth, at the time, the sum of $12,000 ;   that this fact
was well known to the grantors and grantee in said con-
veyance, and if said Beall & Coston were indebted to the
said Folmar, in any sum, or, if he paid them anything
for the goods, the amount of such indebtedness, or the
sum paid for the goods did not exceed the sum of $5,000 ;
that the purpose of each and all of said parties, in mak-
ing the said transfer, was to place the said stocks of
goods beyond the reach of complainants and the other
creditors of the grantors, and was to hinder, delay and
defraud complainant and the other creditors of said
Beall & Coston ; and, in this connection, as a part of the
averment, and as evidencing the actual fraud in the
transaction, it was averred, not as a separate ground for
relief, but as a part of the alleged fraudulent agreement
made, as stated, to hinder, delay and defraud creditors,
"that there was a private or secret understanding and
agreement between said Beall & Coston and the said
Folmar, *which constituted a part of the agreement under
which the transfer and delivery of said goods were made,*
whereby there was a reservation of a benefit to the said
Beall in the said transaction, in this : that it was agreed
and understood, that the said Folmar was to pay to the
said Beall individually, in consideration of said sale and
transfer, a large sum of money, towit, the sum of $4,

[Aultman & Co. v. Fletcher.]

000, for the private use and benefit of the said Beall."
It could scarcely be made much plainer, that but one
transaction was here referred to, which is assailed by the
averments of the bill as having been made to hinder, de-
lay and defraud the grantors' creditors.

3. The demurrer was properly overruled for a second
reason. It went to the whole bill, and not to a part of
it. There were two alternative grounds, on either of
which, if established, relief could be granted. The first
ground is not questioned and is unassailable. A demur-
rer to a bill as a whole cannot be sustained, if, for any
equity appearing in it, the complainants are entitled to
relief.—*George v. Central R. R. & Banking Co.*, 101 Ala.
608 ; *Tillman v. Thomas*, 87 Ala. 321 ; *Shipman v. Furniss*,
69 Ala. 563.

There is no error in the decree of the chancery court,
and it is affirmed.