[Martin & Pulsifer, et al. v. McDaniel & Son.]

# Martin &. Pulsifer, *et al. v.* McDaniel & Son.

## Creditor's Bill.

(Decided Nov. 24, 1910. Rehearing denied Dec. 22, 1910.
53 South. 790.)

1. *Fraudulent Conveyances; Bill to Set Aside; Voluntary Conveyance.*—Voluntary conveyances and gifts are void as to the creditors of the grantor whether he be solvent or insolvent.

2. *Same; Consideration; Burden of Proof.*—In an action to set aside a conveyance as a fraud upon creditors, the respondent has the burden of showing a bona fide valuable consideration; when this burden is carried, the complainants then have the burden of showing fraudulent intent as to the creditors, and the knowledge of the grantee of such intent.

3. *Same; Evidence; Sufficiency.*—Where the bill was to set aside a conveyance as a fraud on the creditors on the contention that the date in the bond for title had been erased and an earlier date inserted with intent to defraud intermediate creditors, the evidence in this case is examined and held insufficient to support the alleged fraud.

4. *Appeal and Error; Harmless Error; Admissions of Evidence.*—Where there was evidence showing the valuable consideration paid for the property and an absence of evidence showing that the conveyance was made, to hinder or defraud creditors, if it was error to have admitted, the conveyance to the property conveyed for the purpose of showing fraudulent intent, it was harmless.

APPEAL from Autauga Chancery Court.

Heard before Hon. W. W. PEARSON.

Bill by parties composing the firm of J. H. McDaniel & Son, against J. W. Martin, and F. E. Pulsifer, composing the firm of Martin & Pulsifer, and others, to set aside a certain conveyance as a fraud on creditors. From a decree for complainants respondents appeal. Reversed and rendered.

GUNTER & GUNTER, and C. E. O. TIMMERMAN, for appellant. A voluntary conveyance is fraudulent and void as to existing creditors per se whether solvent or

[Martin & Pulsifer, et al. v. McDaniel & Son.]

insolvent.—*Anderson v. Anderson,* 64 Ala. 403; *Henderson v. Farley N. Bank,* 26 So. 226; *Wood v. Potts,* 140 Ala. 425; 20 Cyc. 511. But where the conveyance is upon a valuable consideration it must not only be made with fraudulent intent, but the grantee must have had notice of such intent or facts sufficient to charge him with notice or must have participated in the fraud. —*Coleman v. Smith,* 55 Ala. 368; *Marshall v. Croom,* 60 Ala. 211; *Carter v. O'Brien,* 16 So. 897; *Simmons v. Shelton,* 21 So. 309; 20 Ctc. 465. When the grantee shows a valuable and adequate consideration, the burden shifts to the creditors to show fraudulent intent on the part of the grantor, and knowledge or notice thereof, or participation therein on the part of the grantee.— *Moog v. Farley,* 76 Ala. 246; *Bank v. McDonald,* 98 Ala. 434. The vendee is not limited in proof to the identical consideration set out.—*Biller v. Rowna,* 108 Ala. 99. Fraud is never presumed.—*Harold v. Mitchell,* 61 Ala. 270. Relationship is not even a badge of fraud.— *Marks v. Lienkauf,* 92 Ala. 453; *Smith v. Collins,* 94 Ala. 394. This is a case of sufficient allegation, but totally insufficient proof.

JOHN V. SMITH, for appellee. The court can only look to the legal evidence and the bond for title is not competent because not set up in the answer.—*Robinson v. Moseley,* 93 Ala. 70; *Barrow v. Moog,* 101 Ala. 209. Equity will protect to the extent of the part of the consideration paid before notice of the fraud but not for any payments made thereafter.—14 A. & E. Enc. of Law, 293; *Thames v. Rembert,* 63 Ala. 561; *Simmons v. Shelton,* 112 Ala. 284; *Florence S. M. Co. v. Zeigler,* 58 Ala. 221. Bond for title being eliminated, the deed was presumptively fraudulent.—*Russell v. Davis, supra; Murray v. Hurd,* 103 Ala. 400. The burden to show

bona fide consideration being upon the respondent, and the degree of relationship being such as it is, the evidence should be very closely scrutinized.—*Murphy v. Green,* 128 Ala. 486; *Gordon v. McIlwain,* 82 Ala. 246; *Hubbard v. Allen,* 59 Ala. 83. On the question of what is constructive notice, attention is called to the following cases: *Lehman & Durr v. Kelly,* 68 Ala. 192; *Sheally v. Edwards,* 75 Ala. 411; *Smith v. Kauffman,* 100 Ala. 408; 14 A. & E. Enc. of Law, 290.

EVANS, J.—This is the case of a creditors' bill, filed by J. H. McDaniel and G. E. McDaniel, doing business as McDaniel & Son, against J. W. Martin and F. E. Pulsifer, doing business as Martin & Pulsifer, and J. W. Martin and F. E. Pulsifer personally, and Clark H. Pulsifer, Grant Pulsifer, and Ardell Pulsifer, seeking to have a conveyance of real estate from F. E. Pulsifer to his four brothers and sister, above named, declared void as a fraud on said complainants as creditors, and to have the property conveyed sold to meet judgments held by McDaniel & Son against the firm of Martin & Pulsifer and J. W. Martin and F. E. Pulsifer individually. Upon a hearing on the pleadings and proof, the judge of the lower court decreed the relief prayed for, and from this decree the respondents prosecute this appeal.

From the pleadings and proof it appears that in the fall of 1906 the respondents J. W. Martin and F. E. Pulsifer formed a partnership for the sale and installation of waterworks systems for country and suburban homes, and bought considerable machinery from the complainants, McDaniel & Son. Martin was the business head of the firm, managed the money affairs, and had charge of the general business. Pulsifer was the practical man and installed the machinery, being ab-

sent from home for long periods for that purpose. In the fall of 1907, McDaniel & Son began pressing Martin & Pulsifer, through Martin, the head and business manager of the firm, for a settlement of their account; and finally, on November 2, 1907, Martin executed in the name of the firm, and for the firm of Martin & Pulsifer, and delivered the same to McDaniel & Son, three promissory notes in full settlement of the account. These notes were for the following amounts, payable as follows: $324.85 due 1st of April, 1908; $519 due 1st of June, 1908; $519 due 1st of August, 1908. These notes were unpaid when due, except for small credits. McDaniel & Son sued thereon in the city court of Montgomery, and on the 5th of October, 1908, after the filing of their bill in this case, obtained judgment thereon against the firm of Martin & Pulsifer and J. W. Martin and F. E. Pulsifer individually, amounting to $1,487.47.

On the 23d day of April, 1908, respondent F. E. Pulsifer executed a deed conveying his one-sixth undivided interest in certain lands to his brothers and sister, the other respondents to the bill, for the consideration of $2,500 cash in hand paid. We conclude from the evidence that these brothers and sister knew that McDaniel & Son claimed that Martin and Pulsifer owed them in some amount at the time the $2,500 was paid and the deed executed and delivered, and that the consideration was in fact paid. There was an incumbrance on the land when this interest was sold, and F. E. Pulsifer paid back to his grantors $500 of the money to discharge the amount of the debt which his share that he had sold was liable for as between the said Pulsifers. There is no evidence tending to show that the said F. E. Pulsifer was insolvent or in failing circumstances; nor is there any evidence tending to show that he was converting his property subject to execution and sale, into

18—170

cash, so as to put it out of reach of creditors. The burden of proving these matters, if true, was upon complainants; and, they having failed to make any attempt to adduce such proof, we must conclude, for the purposes of this decision, that F. E. Pulsifer was entirely solvent and had ample property easily subject to execution and sale to satisfy all his debts in the event F. E. Pulsifer were found liable therefor, and that his sale of this particular property did not in any way hinder, delay, or defraud the complainants.

It is true that in this transaction the burden is upon the respondents to show that a bona fide valuable consideration was paid; but, when this duty was performed, the burden of showing that the sale was made by F. E. Pulsifer with intent to hinder, delay, or defraud his creditors, and that this intent was participated in by the grantees, rested upon the complainants; and they have failed to carry this burden. The presumption is, therefore, that it is not true. In this state voluntary conveyances and gifts are declared by law to be void as to creditors of the grantor or giver, without regard to the solvency or insolvency of the grantor or giver. But this state has never applied the same rule in the case of conveyances upon a bona fide valuable consideration. When such a consideration is shown, then the burden is upon the complainant creditor to show affirmatively that the intent of the grantor, or effect of the conveyance, was to hinder, delay, or defraud his creditors, and that the grantee or grantees knew of such intent or effect, or was in possession of the knowledge of facts, which would put a reasonably prudent person upon inquiry, which, when followed up, would lead to the knowledge of such intent or effect.

In the case sub judice there is no proof that F. E. Pulsifer was insolvent or in failing circumstances at

the time the deed in question was executed; nor was there any proof that he was converting his property subject to execution into money, so that he might get it out of the reach of creditors. After the respondents had shown a bona fide valuable consideration for the conveyance, the burden of showing that, notwithstanding that fact, it was made to hinder, delay, or defraud his creditors, was cast upon complainants; and this burden the complainants have failed to carry.

As tending to show fraud the complainants insist that the erasures of certain figures in the bond for title, and the substitution of others, show that the transaction was not bona fide. It is the contention of appellees here, complainants below, that the bond for title was made and dated in the year 1908; and, in order to make the original land trade antedate the debt, the respondents, or some of them, scratched out the "8" and substituted a "7:" All of the witnesses, cognizant of the facts swear that such was not the case. They say that the original date was 1906; and we can see, after careful examination with a microscope, no evidence upon the paper itself what the original number was that was scratched out. The erasure seems to have been complete. The respondents contend that in 1906—in the fall of that year—respondents went to their lawyer to get their contract with reference to this land in writing, and that he then wrote out a skeleton, so to speak, of a bond for title, and dated it, as to the year, 1906; that upon finding that he would have to make investigation of the records in the probate office to get a proper description of the lands their lawyer informed them that he would charge $10 for the work; that respondents then decided not to incur this expense and departed; that on April 11, 1907, they returned to their lawyer and decided to execute the bond for title; that the

said lawyer was sick at the time, and got his son to copy the skeleton bond for title that had formerly been drawn and fill in the description of the lands, etc.; that the son, in copying, copied "1906" as in the original, and that before the execution of the paper the "6" was erased (evidently, from the appearance of the paper, with a knife or some other sharp instrument) and a "7" put in its place. The paper, from its appearance, was drawn by some person not much accustomed to writing, and one who would likely have copied anything that was in the original. The whole body of the paper sustains this theory. The date of the paper, as it now is, is April 11, 1907. The figures "11" and "7" were apparently made at the same time with the same pen and ink. There was no erasure made where the "11" was placed.

We find, also, that in the condition of the bond it is stated that the note given for the purchase money was due and payable on the 1st day of January, 1908, and provides that, if the said purchasers (naming them) shall pay said note when the same becomes due, then, etc. From all appearances, this date for the payment of the note was written when the bond for title was written, with the same ink and pen. So, if the contention of the appellees is true, then the note fell due, for the payment of the purchase money, several months before the bond for title was executed; and yet the condition expressed was that "if the said Grant Pulsifer, Guy Pulsifer, Clark H. Pulsifer, Ardell Pulsifer, and Jack Pulsifer well and truly pay the said note when the same becomes due, and if said Frank E. Pulsifer makes and delivers to them a fee-simple title to the above described land, then this bond shall be null and void; otherwise, to remain in full force and effect." This shows that the note for the purchase was to fall due at a time subsequent to the execution of the bond. We

conclude, therefore, that the erasure and substitution were made as contended by appellants, there being no evidence to the contrary.

The appellees contend, further, that the bond for title was not properly admissible in evidence under the pleadings in the case, as there was no allegation that there was any bond for title. Under our view of the case, it is immaterial whether the bond for title is admitted or not. The evidence shows that, at the time of the execution of the deed, the grantor received, as a consideration therefor, the sum of $2,500 in cash. This being true, and no fraud, hindrance, or delay having been shown by appellees, the conveyance must be upheld. It is true the bill alleges, and the proof shows, that complainants had obtained judgment against respondent F. E. Pulsifer; but the bill does not allege, nor does the proof show, that any attempt by execution has ever been made to collect this judgment. No proof of the insolvency of F. E. Pulsifer having been made, or that he was in failing circumstances, or that he converted his property subject to execution into money, so that the judgment could not be collected by execution, the decree of the lower court must be reversed, and a decree here rendered dismissing the complainants' bill without prejudice, which is accordingly done.

Reversed and rendered.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.