# McCrory, *et al. v.* Donald.

## *General Creditor's Bill.*

(Decided April 22, 1915.   68 South. 306.)

1. *Fraudulent Conveyances; Subsequent Creditors.*—A subsequent creditor cannot have a conveyance of property by his debtor set aside as fraudulent to him, except upon proof that the conveyance was voluntary, was made with specific intention to defraud subsequent creditors, was accepted by the grantee to assist the debtor in his fraudulent purposes and that a fraud was thus committed which was injurious to him; it being necessary that the bill, to avoid being demurrable, aver particular facts in charging fraud, and not mere conclusions, such as that the conveyance was fraudulent.

2. *Same; Existing Creditors.*—A voluntary conveyance by a debtor of his property is void as to existing creditors without regard to the intention of the parties, and however free from fraud they may have been, and irrespective of the circumstances of the grantor, the amount of his indebtedness, and of the time, value, or extent of the property conveyed, if it be not exempt from execution.

3. *Same; Husband and Wife; Presumption.*—The modern rule is that the mere fact of a voluntary conveyance from husband to wife raises no presumption of fraud as to subsequent creditors, that being a matter to be proven as in other cases; the existence of the relation being a mere circumstance which may shed light upon the transaction.

4. *Same; Evidence; Intent.*—The evidence examined and held insufficient to show fraudulent intent and bad faith in the conveyances of property by a bankrupt to his wife, alleged to have been fraudulent as to subsequent creditors.

5. *Same.*—Where, after conveying property to his wife, the bankrupt made declarations of his continued ownership of the land for the sake of procuring credit, such statements could not be imputed to the vendee, his wife, to the detriment of her title; the bill being by a trustee in bankruptcy to set aside a conveyance by a bankrupt to his wife as a fraud on subsequent creditors.

6. *Same.*—In a bill filed by a trustee in bankruptcy to set aside a conveyance by the bankrupt to his wife as a fraud on subsequent creditors, the trustee has the burden of proving the bad faith of the parties; but where the conveyance was made after insolvency, the vendee, the wife, had the burden to show the payment of a valuable consideration.

7. *Same; Presumption and Burden of Proof.*—Where the bill charged that the conveyance made to the wife of the bankrupt by third persons had been paid for by the husband to defraud existing creditors, the presumption was that the deed was paid for by the husband, and cast upon the wife the burden of proving payment by her of an adequate consideration.

APPEAL from Choctaw Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by B. H. Donald, trustee in bankruptcy of R. M. McCrory against R. M. McCrory and wife, to set aside certain conveyances as a fraud upon creditors. Decree for complainant and respondent appeals. Affirmed in part and in part reversed and rendered.

ELMORE & HERBERT, R. L. BULLARD, and GAVIN & GARNER, for appellant.

O. L. GRAY, S. H. TERRAL, McBEATH & MILLER, and NEVILLE & STONE, for appellee.

THOMAS, J.—This is a general creditor's bill by the trustee in bankruptcy seeking to have set aside certain described conveyances of R. M. McCrory to his wife, Bessie McCrory, as having been made in fraud of the rights of creditors of appellant. As to one of the conveyances questioned, it is the insistence of the trustee in bankruptcy that appellant purchased lands conveyed therein from one Kemp, and had the deed made to his wife when the full consideration therefor was paid from moneys subject to the payment of the creditors' debts.

(1, 2) The evidence discloses the facts that at the time of the first conveyance R. M. McCrory was without education; that he was about 50 years old, and his wife was about 25 years old; that he was engaged in farming and dealing in cattle until the year 1907, when he moved to Pachuta, Miss., and undertook to do a mercantile business at this point, placing in charge of this business a nephew, John McCrory. It further appears from the evidence that when R. M. McCrory undertook the mercantile business at Pachuta he had moneys, unincumbered personal property and land, and

owed no debts. On October 16, 1908, he executed a voluntary conveyance to his wife, Bessie McCrory, of his lands in Choctaw county, Ala., which deed was recorded in that county on October 22, 1908, and the same was delivered by R. M. McCrory to his wife, as they explained in their testimony to protect her in event of his death. The evidence further shows that at the time of this conveyance of his Choctaw county lands to his wife, he was solvent, and did not owe any of his present creditors one cent, and was not then doing business with them. A reference to the two itemized accounts set out in the record shows that their initial transactions with him were of date December 2, 1908, and March 5, 1909, respectively, and so far as the record discloses he did not owe any debts on October 16, 1908, the date of the conveyance.

Before the appellee can have this deed of date of October 16, 1908, set aside as fraudulent and void as against creditors, the evidence must show that on the date of its execution and delivery R. M. McCrory, with the intention to defraud his subsequent creditors, made this voluntary conveyance to his wife, and that his wife accepted it for the purpose of assisting her husband in defrauding his creditors.

A subsequent creditor cannot complain of such conveyance, or have same set aside on the ground that it was made with the intent to hinder, delay, or defraud creditors, unless it is alleged in the bill, and the evidence sustains the allegation, that a fraud was committed by the parties to the conveyance and that the creditors suffered thereby. And in charging fraud the rule is that "mere conclusions, as that a conveyance is fraudulent, or that it was made with fraudulent intent, will not suffice against a proper demurrer." The bill must aver particular facts showing in what the

[McCrory, et al. v. Donald.]

fraud complained of consists.—*Little v. Sterne,* 125 Ala. 609, 27 South. 972; *Tyson, et al., v. So. C. O. Co.,* 181 Ala. 256, 61 South. 278; *Lehman et al. v. Gunn et al.,* 154 Ala. 369, 45 South. 620; *Wilson v. Stevens,* 129 Ala. 630, 29 South. 678, 87 Am. St. Rep. 86; *Yeend, Adm'r, v. Weeks et al.,* 104 Ala. 331, 339, 16 South. 165, 53 Am. St. Rep. 50.

The distinction, as to the burden of proof, between the existing and subsequent creditors was discussed by Chief Justice Brickell in *Seals v. Robinson,* 75 Ala. 363, as follows: "It is settled by a long line of decisions in this court that a voluntary conveyance, a conveyance not resting upon a valuable consideration, is void per se, without any regard to the intention of the parties, however, free from covin or guile they may have been, as to the existing creditors of the donor, without regard to his circumstances, or the amount of his indebtedness, or of the kind, value, or extent of the property conveyed, if it be not exempt from liability for the payment of debts. As to subsequent creditors, if it be not shown that there was a mala fides, or fraud in fact in the transaction, the conveyance is valid and operative. But, if actual fraud is shown, it is not of importance whether it was directed against existing or subsequent creditors; either can successfully impeach and defeat the conveyance, so far as it breaks in upon the right to satisfaction of their debts. The distinction between existing and subsequent creditors is that, as to the former, the conveyance is void per se, for the want of a valuable consideration; as to the latter, because it is infected with actual fraud.—*Miller v. Thompson,* 3 Port. 196; *Cato v. Easley,* 2 Stew. 214; *Moore v. Spence,* 6 Ala. 506; *Costillo v. Thompson,* 9 Ala. 937; *Thomas v. de Graffenried,* 17 Ala. 602; *Foote v. Cobb,* 18 Ala. 585; *Stokes v. Jones,* 18 Ala. 734; s. c., 21 Ala.

731; *Gannard v. Eslava*, 20 Ala. 732; *Randall v. Lang*, 23 Ala. 751; *Stiles v. Lightfoot*, 26 Ala. 443; *Huggins v. Perrine*, 30 Ala. 396, 68 Am. Dec. 131; *Cole v. Varner*, 31 Ala. 244; *Pinkston v. McLemore*, 31 Ala. 308; *Williams v. Avery*, 38 Ala. 115. The right of the subsequent creditor depends upon the existence of actual fraud in the transaction; the burden of proving it rests upon him.—Bump on Fraud. Con. 308. The general rule applies that fraud must be proved; it will not be presumed, if the facts and circumstances shown in evidence may consist with honesty and purity of intention."

This was the rule declared by Mr. Justice Stone in *Huggins v. Perrine*, 30 Ala. 396, 68 Am. Dec. 131, and restated by Mr. Justice Anderson in *Allen et al. v. Caldwell, Ward, et al.*, 149 Ala. 293, 298, 42 South. 855, and it has never been departed from in this state. The right of the subsequent creditor, then, to have conveyances made by the debtor set aside, depends upon the existence of actual fraud in the conveyance; and the burden of proving it rests upon the complainant.

In *Cartwright et al. v. West*, 155 Ala. 623, 47 South. 94, the Chief Justice said: "It is true that the adjudication of bankruptcy is in the nature of a decree in rem, and is conclusive, if rendered by a court having jurisdiction, of the fact of the bankrupt's insolvency, and therefore of existing creditors at the date of its rendition; but the probative force of that adjudication cannot be extended, so as to make it proof of the fact that such creditors existed a year or more prior to the date of its rendition. And in order to avoid the necessity of alleging and proving a fraudulent intent it would be necessary to aver that the respective debts of the several creditors arose or accrued prior to the making of the several conveyances attacked."

In *Allen v. Caldwell,* 149 Ala. 299, 42 South. 858, Mr. Justice Anderson, discussing the facts of that case, says that, in order to condemn the deed, the evidence must show that when it was executed the grantor anticipated his dealings in cotton, and losses therefrom; and that the property was conveyed for the purpose of defeating debts thus incurred, as the old debts were secured, and no subsequent ones, other than those growing out of a speculation in cotton, were proved; that the evidence failed to show that the deed was designedly withheld from the record for the purpose of obtaining credit, which the recording of the instrument would impair; that the mere failure to record was not in itself evidence of a vicious intent; and where a failure to record is "consistent with good intentions the law will attribute no bad motive to the grantee."

In *Claflin v. Mess,* 20 N. J. Eq. 211, the court well said that: "In order to establish a good title to relief" by a subsequent creditor, "he must show that at the time of the commencement of his suit there were debts still outstanding which the grantor owed at the time he made the deed, otherwise no foundation is laid for avoiding it as fraud upon antecedent creditors; for, if the grantor has paid all his debts incurred prior to the conveyance, that fact fully repels all idea of fraud as to them."

In *Pinkston v. McLemore,* 31 Ala. 308, Mr. Justice Walker declared that a contract between husband and wife, by which a separate estate is created in the wife in the earnings of herself and her domestic servants, will not be declared void at the insistence of subsequent creditors of the husband, on proof that he was greatly embarrassed with debts and contingent liability at the time the contract was made, when it also appears that he then possessed a large estate of unincumbered real

and personal property, which is not shown to have been insufficient for the payment of his debts.

In *Schreyer v. Scott*, 134 U. S. 405, 416, 10 Sup. Ct. 579, 583 (33 L. Ed. 955), Mr. Justice Brewer writes of conveyances by husband to wife that: "The very confusion and carelessness in the dealings between husband and wife make against, rather than in favor of, the claim of fraud. There is no evidence that he was in debt at the time of these conveyances, at least beyond a trifling amount, which was subsequently paid; and, if the parties had intended fraud and wrong, unquestionably their accounts would have been kept carefully and accurately, and books would now be presented showing such accounts. Husband and wife evidently saw no necessity of dealing with each other at arm's length; the title to the property was placed in her name when there was no legal or equitable reason why it should not be done."

(3) In *Goetter, Weil & Co. v. Norman*, 107 Ala. 585, 19 South. 56, Chief Justice Brickell declared that: "The relationship of the grantors and the grantee, and the fact that they lived together under the same roof, proved nothing unless connected with other facts and circumstances having a just tendency to prove fraud. * * * The law does not prohibit persons who are sui juris, standing in the nearest relations of consanguinity or affinity, or the most intimate of business relations, from dealing with each other."

And in *Halsey v. Connell, Green & Co.*, 111 Ala. 221, 226, 20 South. 445, the Chief Justice states that: "The more recent decisions have departed from this doctrine (that relationship is a badge of fraud), declaring that relationship is a mere circumstance, dependent for its value upon other circumstances, which serve to throw light upon the transaction.—*Teague v. Lindsey*, 106

Ala. 266 [17 South. 538] : *Troy Fert. Co. v. Norman,* 107 Ala. 667 [18 South. 201] ; *Goetter v. Norman,* 107 Ala. 585 [19 South. 56].

(4) We fail to find from the evidence that on the date (October 16, 1908) of the voluntary conveyance of R. M. McCrory to his wife, Bessie McCrory, of the 546 acres of land in Choctaw county, Ala., conditions were such as to indicate that the conveyance was made for the purpose of defrauding any creditor. The deed was promptly filed and recorded in the county where the land was located, and thus gave notice that the husband had parted with his title in the lands and vested it in his wife. He was at the time solvent; desired to provide for his wife, who was much younger than himself; had other unincumbered lands, moneys, and personal property with which to maintain his general business. There is no evidence that tends to show that the parties to the conveyance thought of defrauding any one. There is no evidence of mala fides in the transaction.

(5) It is insisted that the subsequent declarations of R. M. McCrory of his continued ownership of the Alabama lands procured for him credit during the subsequent years of his mercantile venture and showed his fraudulent intent in the making of the conveyance. This statement is denied by appellant. Yet, if he did make such subsequent statements, they cannot be imputed to his grantee, Mrs. Bessie McCrory, to the dertiment of her title to the land.—*Bartlett v. Delprat,* 4 Mass. 702; *Clarke v. Waite,* 12 Mass. 439; *Bridge v. Eggleston,* 14 Mass. 245, 7 Am. Dec. 209.

(6) The burden was on the appellee, as trustee, to show this bad faith on the part of either the grantor or grantee at the time of the execution of the deed, and, failing in this, the decree of the chancellor declaring

this conveyance fraudulent and void must be reversed, and a proper decree here rendered as to same. That part of the decree of the chancellor declaring fraudulent and void the conveyance by R. M. McCrory to his wife, Bessie McCrory, of date October 16, 1908, and recorded October 22, 1908, in volume 7, page 457, of the record of deeds in the probate office of Choctaw county, Ala., and conveying the following described lands, to wit: The N. E. ¼ of S. W. ¼ and W. ½ of S. W. ¼ and all land lying south and west of Kinterbish creek, in the S. E. ¼ of S. W. ¼ of section 15; also E. ½ of E. ½ of S. E. ¼ of section 16; also, N. W. ¼ of N. W. ¼ and S. W. ¼ of N. E. ¼, section 22; all being in township 15 N. of range 1 W.; also, the N. E. ½ of S. W. ¼ of section 22, and S. E. ¼ of N. W. ¼, section 22, all in township 15, range 1 W.; also, S. W. ¼ of N. W. ¼ and N. W. ¼ of S. W. ¼, section 22, township 15, range 1 W.; and E. ½ of N. W. ¼, less fourteen (14) acres off south end of section 27, township 15, range 1 W. (containing in all 546 acres more or less, and situated in Choctaw county, Ala.) —is reversed; and a decree is here rendered declaring the title vested thereby in Mrs. Bessie McCrory to be free of the claims of these subsequent creditors.

(7, 8) Another conveyance sought to be declared fraudulent and void is the one of June 1, 1910, by R. M. McCrory to his wife, Bessie McCrory, and filed for record in Deed Book 10, page 460, in the office of the judge of probate of Choctaw county, Ala., and reciting a consideration of $2,000. At the time of its execution, R. M. McCrory was insolvent, and the burden of proof was upon his wife, as the grantee, to show that a valuable and adequate consideration was paid him by her. —*Ledbetter v. Davenport,* 154 Ala. 336, 45 South. 467, 129 Am. St. Rep. 62; *Martin v. McDaniel,* 170 Ala. 270,

53 South. 790; *Elam v. A. P. B. L. Co.,* 176 Ala. 48, 55, 57 South. 483; *Bell v. Lehman, Durr & Co.,* 110 Ala. 446, 18 South. 230; *Robinson v. Moseley,* 93 Ala. 70, 9 South. 372; *Schloss v. McGuire,* 102 Ala. 627, 15 South. 275. As to the conveyance from W. E. Kemp and wife to Bessie McCrory, dated April 28, 1911, and recorded in Book 9, page 453, in the record of deeds in the office of the probate judge of Choctaw county, Ala., it is insisted that this conveyance was fraudulent and void as to existing creditors, for that the consideration therefor was not paid by the grantee, but by her husband, R. M. McCrory, and paid from funds that he had fraudulently secreted and failed to make return of to the bankrupt court. Transactions between husband and wife are closely scrutinized as to existing creditors; and a deed made by the vendor to the wife, under instructions by the husband, is presumed to have been paid for by the husband, thus placing upon the wife the burden of proof of an adequate consideration moving from her.—*Silvey v. Vernon,* 153 Ala. 570, 45 Sopth. 68, 127 Am. St. Rep. 69; *Kelley v. Connell,* 110 Ala. 543, 18 South. 9; *Seitz v. Mitchell,* 94 U. S. 580, 24 L. Ed. 179.

The evidence is voluminous, and after its careful consideration we are of the opinion that the husband and wife yielded to the temptation of placing the property conveyed in the last two deeds beyond the reach of existing creditors. The chancellor, as to these conveyances, has justly enforced the doctrine of the courts "that the claims of justice are prior to those of affection."—Chancellor Kent, *Reade v. Livingston,* 3 Johns, Ch. (N. Y.) 481, 8 Am. Dec. 520. The appellant, Bessie McCrory, as grantee in these two conveyances, has not met the burden of proof cast upon her under the law, and the decree of the chancellor declaring these

conveyances of date, respectively, June 1, 1910, and April 28, 1911, fraudulent and void, and subjecting the lands sought to be conveyed therein to the payment of the debts of R. M. McCrory, is affirmed. The costs of this appeal are apportioned equally between the parties, one-half to appellants and one-half to appellee.

The cause is reversed and rendered in part, and in part affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.