(98 South. 726)
**POPE et al. v. CARTER et al. (6 Div. 968.)**

(Supreme Court of Alabama. Jan. 17, 1924.)

**I. Executors and administrators ⬦46—Policies payable to estate are property subject to debts.**

Life insurance, payable to the estate of insured, which he took out and on which he paid the premiums, is property subject to payment of his debts.

**2. Fraudulent conveyances ⬤⇒74(1) — Voluntary transfer of life policies payable to estate constructively fraudulent.**

A voluntary transfer of life policies, payable to estate of insured, which he took out, and on which he paid the premiums, is constructively fraudulent and void as against his existing creditors.

**3. Fraudulent conveyances ⬤⇒181(5)—Transfer of life policies by change of beneficiary fraudulent.**

Proceeds of life policies carried by insured and payable to his estate and transferred to his wife, by change of beneficiary after he had become insolvent, without valuable consideration, are subject to the claims of his creditors existing at the time of such transfer; the transaction being subject to all the rules governing fraudulent conveyances.

**4. Fraudulent conveyances ⬤⇒51(4)—Life policy, payable to estate and transferred to wife, not exempt.**

A life policy, payable to insured's estate, and transferred by change of beneficiary to his wife when he was insolvent, is not within Code 1907, § 4502, providing that a husband may insure his life for benefit of his wife, and such insurance is exempt from liability for his debts.

**5. Fraudulent conveyances ⬤⇒237(2)—Creditor's bill proper remedy to reach life policies fraudulently transferred.**

A creditor's bill is the proper remedy to reach and subject to payment of insured's debts the proceeds of policies on his life, payable to his estate, transferred to his wife by change of beneficiary when he was insolvent.

**6. Fraudulent conveyances ⬤⇒255(1)—Parties to suit to reach proceeds of life policies fraudulently transferred.**

To a creditors' bill, to reach and subject to payment of insured's debts proceeds of policies on his life, payable to his estate, transferred to his wife by change of beneficiary when he was insolvent, his personal representative and the trustees holding the funds for investment for the use of the wife are proper parties.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Suit by Benjamin Carter, trustee, and others against Sada H. Pope and others. From a decree overruling demurrer to the bill, respondents appeal. Affirmed.

It is shown by the bill that Gus A. Pope, Jr., during his lifetime, became indebted to complainants in the amounts and under the circumstances alleged, which indebtedness remains unpaid; that the estate of Gus A. Pope, Jr., deceased, temporarily administered by Sada H. Pope, as executrix, was decreed by the probate court to be insolvent and an administrator appointed; that Gus A. Pope, Jr., for some years prior to 1920, had carried a number of life insurance policies payable to his estate; that for about two years prior to the summer of 1920 said Pope had been critically ill and unable to attend to his affairs, and that at that time his indebtedness largely exceeded his assets; that at said time said Pope, for no consideration, assigned to said Sada H. Pope all of said life insurance, except two policies, the proceeds of which were collected by her, some parts of which were placed by her in the hands of respondents Ward and Sterne for investment, which funds or securities purchased therewith are still held by Ward and Sterne.

The prayer is for temporary injunction to prevent the sale or transfer or delivery of any money collected by Sada H. Pope on said policies, or any property procured therewith, and for discovery of the amount of insurance so collected and the disposition thereof. It is further prayed that either in lieu of the injunctions prayed, or after discovery, a receiver be appointed, and respondents required to pay into his hands all moneys or properties the proceeds of said insurance policies, and that out of said moneys or properties there be decreed to complainants payment of their indebtedness aforesaid.

By supplemental bill it is alleged that the trial court, on preliminary hearing, ruled that the administrator of Gus A. Pope, Jr., was a necessary party to the bill, or, at his election, should file a bill making all the parties to the suit defendants; that said administrator had been called upon to file a bill, but he fails or refuses to do so; whereupon it is prayed that said administrator be made a party respondent to the original bill.

Respondents interposed the following grounds of demurrer to the bill as amended:

"(1) Because there is no equity contained in the bill filed in said cause.

"(2) Because said bill shows on its face that none of the complainants have the legal right to file said bill or ask for the relief prayed for.

"(3) Because said bill shows on its face that the administrator of the estate of Gus A. Pope, Jr., is the only person who is entitled to file said bill or ask for the relief prayed for therein.

"(4) Because said bill shows on its face that it is an effort on the part of certain creditors of the estate of the said Gus A. Pope, Jr., to subject assets alleged to belong to said estate to the payment of their debts."

W. H. Woolverton and Thomas J. Wingfield, both of Birmingham, for appellants.

The bill does not show the proceeds of the policies were subject to the payment of debts by alleging that the premiums were in excess of $750. Code 1907, § 4502; Kimball v. Cunningham Hdw. Co., 192 Ala. 223, 68 South. 309.

Benj. Carter, of Washington, D. C., for appellees.

A life insurance policy, or its proceeds, is subject to the rules of law invalidating as-

signments to hinder, delay, or defraud creditors. Friedman v. Fennell, 94 Ala. 570, 10 South. 649; Fearn v. Ward, 80 Ala. 555, '2 South. 114; Mut. L. I. Co. v. Lovejoy, 203 Ala. 452, 83 South. 591. It is of no consequence that the exemption would have extended to a named beneficiary. Thompkins v. Levy, 87 Ala. 263, 6 South. 346, 13 Am. St. Rep. 31.

BOULDIN, J. [1, 2] Life insurance, taken out, and premiums paid by the insured, and payable to his estate, is property subject to the payment of his debts. A voluntary conveyance or transfer of such policies of insurance is constructively fraudulent and void, as against the existing creditors of the insured.

[3, 4] Proceeds of policies so carried by the husband, payable to his estate, and transferred to his wife by a change of the beneficiary named in the policies made after the husband has become insolvent, without valuable consideration, are subject to the claims of the husband's creditors existing at the time of such transfer. Such transaction is subject to all the rules governing fraudulent conveyances. The wife, in such case, cannot hold the funds as exempt under section 4502 of the Code of 1907.

[5, 6] A creditors' bill in equity is the proper remedy to reach and subject such funds to the payment of the husband's debts. The personal representative of the insolvent estate of the deceased husband is a proper party to such bill, and also trustees who hold the funds for investment for the use of the wife. Friedman Bros. v. Fennell, 94 Ala. 570, 10 South. 649; Fearn v. Ward, 80 Ala. 555, 2 South. 114; Tompkins v. Levy, 87 Ala. 263, 6 South. 346, 13 Am. St. Rep. 31; Hall & Farley v. Ala. Ter. Imp. Co., 143 Ala. 464, 39 South. 285, 2 L. R. A. (N. S.) 130, 5 Ann. Cas. 363; Lehman v. Gunn, 124 Ala. 213, 27 South. 475, 51 L. R. A. 112, 82 Am. St. Rep. 159; McCrory v. Donald, 192 Ala. 312, 68 South. 306; Beall & Coston v. Lehman Durr Co., 110 Ala. 446, 18 South. 230; Martin v. McDaniel, 170 Ala. 270, 53 South. 790.

In Kimball v. Cunningham Hdwc. Co., 192 Ala. 223, 68 South. 309, Id., 197 Ala. 631, 73 South. 323, the policies were, in the first instance, made payable to the wife as required by the exemption statute. The gross premiums paid by the husband exceeded the amount allowable under section 4502 of the Code. It was held that only the excess was subject to the husband's debts. That case was wholly different from this, wherein the insurance was the property of the husband subject to his debts, and the effect of the transaction, if sustained, would be to withdraw the fund from creditors, and give it to the wife. The exemption statute cannot be extended to such case.

The decree of the court below was in harmony with this opinion, and is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.