# Mathews, *et al. v.* J. F. Carroll Merc. Co.

### Bill to Cancel Mortgage.

(Decided November 4, 1915. 70 South. 143.)

1. **Cancellation of Instrument; Offer to do Equity.**—Where the cancellation of a mortgage is sought on the ground that the lands therein conveyed constitute the homestead of the husband, and that the separate acknowledgment of the wife was not taken as required by the statute, the bill is without equity unless there is an effectual offer to do equity by restoring that which the mortgagor received on the face of the mortgage.

2. **Equity; Bill; Multifariousnss.**—A bill seeking cancellation of a single mortgage on lands averred to be severally owned is not multifarious under § 3095, Code 1907. Code 1907.

3. **Fraudulent Conveyances; Creditors; Rights.**—A voluntary conveyance by a husband to a wife with the intent to defraud his creditors is ineffectual, even as to a subsequent creditor whose obligation came into existence thereafter.

4. **Same; Fraud; Presumption.**—Fraud is never presumed, and to question a conveyance on the ground of fraud it must not only be alleged but proven.

5. **Same; Failure to Record.**—A failure to record a conveyance is not itself evidence of fraudulent intent.

6. **Same; Pleading; Sufficiency.**—The cross bill averring that the husband conveyed property, occupied by the firm of which he was a member, to his wife without consideration, that the conveyance was fraudulent, that there was no change of possession, that the husband paid the taxes on the property in his own name, and that he caused the deed to be withheld from the record to create an appearance of ownership, so as to procure money on a mortgage from the transferror of the cross complainant, is sufficient to charge fraud in the execution of the conveyance.

7. **Same; Fraud; Participation by Grantee.**—Where a conveyance is voluntary, the grantee need not have participated in the actual fraud in order to entitle a subsequent creditor to relief by cancellation.

APPEAL from Pike Chancery Court.

Heard before Hon. W. R. CHAPMAN.

Bill by W. F. Mathews and another against the J. S. Carroll Mercantile Company, which filed a cross-bill. From a decree sustaining demurrers to the bill as amended and overruling demurrers to the cross-bill, complainants appeal. Affirmed.

The bill alleges in effect that W. F. Mathews and W. A. Mott were engaged in general mercantile business at Banks in Pike county, Ala., and on January 17, 1907, they executed to J. S. Carroll a mortgage for $3,241.50, which mortgage was signed by their respective wives, and that since the mortgage was executed Carroll has died and the mortgage transferred to the J. S. Carroll Mercantile Company, and that the transferee is now seeking to foreclose same; that the residence and lot described in said mortgage and attempted to be conveyed was the homestead of complainant at the time of the execution of the mortgage, and has since been the homestead of complainant, and that it is less in area and value than the homestead exemption prescribed by the statute, that at the time of the execution of the mortgage, one part of the said residence and lot was owned individually by Ida F. Mathews, and the other part by Willie May Mathews, a daughter of complainant (the bill here describes the lot and the interest of each in it); that since then the daughter Willie May has died unmarried, and her interest has descended in equal parts to her father and mother, these complainants. The bill further alleges in effect that Ida F. Mathews never saw the mortgage, never signed the same, and never appeared to acknowledge same, nor did the justice of the peace before whom the acknowledgment was taken ever see her or say anything to her about her signature thereto, but that the said W. F. Mathews told her that he was going to sign her name to said mortgage, which was not

objected to by her. It is further alleged that Ida Mathews never directly or indirectly received any part or portion of said mortgage, but that same was given to secure the debts of her husband as a member of the firm of Mathews & Mott, a business with which she had no concern or connection, and in which she had no interest. The facts alleged in the cross-bill sufficiently appear in the opinion.

A. G. SEAY, for appellant. A. B. FOSTER, for appellee.

McCLELLAN, J.— (1) Where a mortgagor and his wife seek, by their bill, the cancellation of a mortgage on land, belonging to the husband, constituting the homestead, in whole or in part, on the ground that the separate acknowledgment of the wife was not taken as the statute requires, the bill is without equity if in it no effectual offer is made to do equity by restoring that which the mortgagor received on the faith of the mortgage; and this "upon the consideration that to allow one to retain the benefits of an agreement which he repudiates, when by doing so he derives an advantage, while the uncomplaining party is subjected to loss, would be plainly inequitable."—Grider v. Amer. Loan Co., 99 Ala. 281, 12 South. 775, 42 Am. St. Rep. 58; Loxley v. Douglas, 121 Ala. 575, 577, 25 South. 998. In Clark v. Bird, 158 Ala. 278, 48 South. 359, 132 Am. St. Rep. 25, the actor was Bird, the vendee in an executory contract of purchase, and not Clark the vendor; and hence the equitable consideration above stated could not have had application or effect. The third, fourth, and fifth grounds of demurrer, to the amended bill seeking to cancel a mortgage on land constituting the homestead because not separately acknowledged by the wife, were well taken, there being no appropriate offer to do equity in respect of funds received on the faith of the mortgage.

(2) There was no merit in the point taken by the first ground of the demurrer, that the amended bill was multifarious because it sought the cancellation of a single mortgage on lands alleged to be severally owned.—Code, § 3095; Truss v. Miller 116 Ala. 494, 22 South. 863; Ellis v. Vandegrift, 173 Ala. 142, 55 South. 781.

(3) The cross-bill would cancel certain conveyances of real estate, alleged to be unrecorded and voluntary, described in the

mortgage and formerly owned by W. F. Mathews, whereby the title to the property was sought to be invested in the wife, Ida Mathews. On a proper interpretation of the cross-bill it is due the respondents in the cross-bill to treat it as defining the cross-complainant as a subsequent creditor; a creditor whose obligation came into being after the voluntary, unrecorded conveyances were executed. In order to warrant the cancellation of even a voluntary conveyance by the debtor at the instance of subsequent creditors there must be shown "mala fides or fraud in fact in the transaction;" and "if actual fraud is shown, it is not of importance whether it was directed against existing or subsequent creditors." The right of the subsequent creditor to have the conveyance canceled depends upon the existence of actual fraud in the transaction.—*Seals v. Robinson*, 75 Ala. 363; *Allen v. Caldwell*, 149 Ala. 293, 297, 298, 42 South. 855, among others.

(4-6) The seventh ground of the demurrer to the cross-bill pointed the objection that the allegations of fraud in the executions of the conveyances assailed do not contain sufficient averments of facts, but are predicated of conclusions of the pleader. Fraud is never presumed. It must be alleged and proven to invite or to justify relief by cancellation of conveyances.

"Courts will not strain to force conclusions of fraud; and if the circumstances relied on to sustain that allegation are fairly susceptible of an honest intent, that construction should be placed upon them. * * * Fraud will not be imputed when the facts and circumstances from which it is supposed to arise may reasonably consist with honest intentions."—*Pollak v. Searcy*, 84 Ala. 259, 262, 4 South. 137.

It is the pleader's obligation, when he would sufficiently charge fraud as a ground of avoiding a conveyance, to aver the facts and circumstances themselves from which the law, not the pleader's conclusion, can deduce the conclusion that fraud affected the transaction.—*Flewellen v. Crane*, 58 Ala. 627-629; *Empire Realty Co. v. Harton*, 176 Ala. 99, 57 South. 763. As respects the storehouse property, described in the mortgage and in the conveyance to Ida Mathews, the cross-bill charges that the property was claimed by the husband or by the firm, of which he was a member, occupying the property; that the conveyance was not recorded; that there was no change in the possession of the property indicative of any change in the title; and that the

husband caused the deed to be withheld from record, under the circumstances we have summarily stated, with the fraudulent intent of creating the appearance of a state of ownership consistent with the right assumed by W. F. Mathews or the firm to secure credit—the loan secured by the mortgage—from J. S. Carroll, the cross-complainant's transferror. It has been ruled here that the simple omission to record a conveyance is not, of itself, evidence of a fraudulent intent; for the mere omission may consist with good intentions.—*Lehman v. Van Winkle,* 92 Ala. 443, 8 South. 870; *Allen v. Caldwell, supra.* But the allegations of the cross-bill accompany the averment of failure to record the instrument with the further charge that the withholding from record was caused by W. F. Mathews with an intent that, if entertained, was actually fraudulent. And when these charges are interwoven with the further charges that W. F. Mathews paid the taxes on the property in his own name and had actual unchanged possession of the property, the conclusion of the chancellor that the allegations, with respect to fraud in the conveyance of the storehouse property, were sufficient.

(7) Where the conveyance is voluntary, as is here alleged, the grantee therein need not be shown to have participated in the actual fraud characterizing the transaction in order to entitle a subsequent creditor to relief by cancellation of the conveyance assailed.—*McGhee v. Bank,* 93 Ala. 192, 196, 9 South. 734. Now, the effort to charge vitiating fraud with respect to the voluntary conveyance of the residence property to Mrs. Mathews and their daughter, since deceased, is not presented through allegations of the affirmative strength employed in characterizing as actually fraudulent the voluntary conveyance of the storehouse property. An instance of this difference in averment is the absence of any unequivocal charge that W. F. Mathews kept the conveyance from being filed for record, or recorded. The demurrer to the cross-bill did not separately assail the features of the pleading treating the distinct conveyances of the two classes of property. The fact that there was no apparent change of possession of the residence property, which was occupied by the husband and the wife, after the voluntary conveyance was made, could not alone suffice to characterize the transaction as the product of bad motives. The withholding of the conveyance from record may have been entirely innocent; and it was the pleader's obliga-

tion to aver facts and circumstances which would reflect upon the innocence of the omission to record.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.