(76 South. 317)

DOTHAN NAT. BANK et al. v. MOORE–
HANDLEY HARDWARE CO. et al.

(4 Div. 699.)

(Supreme Court of Alabama. June 14, 1917.)

1. FRAUDULENT CONVEYANCES ⊂⊃158(2)—EV-
IDENCE—ADMISSIBILITY.

Participation of purchaser under fraudulent conveyance in the fraud may be shown by proof of such facts as are sufficient to charge him with notice of the debtor's fraudulent intent; and, for this purpose, knowledge on his part of facts which, however general in their nature, are sufficient to put him on inquiry, by reasons only exciting in his mind a just suspicion as to the honesty or bona fides of the transaction, is sufficient.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 501.]

2. EVIDENCE ⊂⊃151(8)—INTENT—FRAUDULENT CONVEYANCES.

In suit to set aside a fraudulent conveyance, while the intent to hinder or defraud creditors may be an essential predicate to relief, and should be alleged, it cannot be proved or disproved by oath of the party to whom it is imputed, and its existence vel non is a matter of inference, to be drawn from the facts and circumstances surrounding and characterizing the transaction.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 481.]

Appeal from Chancery Court, Houston County; O. S. Lewis, Chancellor.

Bill by the Moore-Handley Hardware Company and others against W. T. Middlebrooks, the Dothan National Bank, and others. Demurrers of the Middlebrookses sustained, and those of the Banks overruled, and the Banks appeal. Affirmed.

A. E. Pace and Farmer & Farmer, all of Dothan, for appellants. Steiner, Crum & Weil, of Montgomery, and Martin & Crawford, of Dothan, for appellees.

MAYFIELD, J. Appellees, as creditors of W. T. Middlebrooks, filed this their creditors' bill against their debtor and his wife, E. D. Middlebrooks, and L. M. Middlebrooks, the daughter of the debtor, and her husband, H. E. Middlebrooks, the Houston National Bank, and the Dothan National Bank, seeking to have certain conveyances made by the debtor declared void as against the creditors. The first conveyance was a deed by the debtor to his wife; the second, a deed by the debtor and his wife to the daughter; and the other conveyances were mortgages, one to each of the named banks. It is alleged that each of the conveyances was simulated and fictitious, and without any valid consideration, and was made with the intent to hinder, delay, and defraud the creditors of W. T. Middlebrooks.

The bill in its averments fully meets every requisite of our statutes to show that the conveyances were each fraudulent and void as to existing creditors of W. T. Middlebrooks. If the facts averred in the bill are true, and on demurrer they must be so treated, each of the conveyances was unquestionably fraudulent against existing creditors. While the bill shows that the deeds to the wife and the daughter were dated and signed before complainants became creditors of W. T. Middlebrooks, it alleges that they were made with an actual intent to defraud, and were withheld from record until after complainants became creditors, and after suit brought to enforce the payment of the indebtedness, and that the mortgages to the banks were not executed until after suit brought, and were made with the intent to defeat the suits and defraud the creditors, and charges the banks with knowledge of the fraudulent intent, or with notice of facts which, if heeded or followed up, would have informed the mortgagees of the fraudulent intent of the mortgagors. Each of the respondents demurred separately to the bill. The chancellor sustained the demurrer of each of the Middlebrookses to the bill, but overruled the demurrer of each of the banks, and they appeal, and severally assign errors as to the overruling of their demurrers.

There is no cross-appeal by the complainants as to the sustaining of the demurrers of the Middlebrookses, and of course they do not complain of the rulings in their favor. The banks, however, do insist that the effect of the chancellor's ruling in sustaining the demurrers of the Middlebrookses to the bill is to hold the deeds each to be void, and, if valid, those complainants, not creditors of the wife or the daughter of W. T. Middlebrooks, cannot complain of or be injured by the mortgages to the banks. If these deeds to the wife and daughter are void, the insistence of appellants is well made, and must be sustained. We do not agree, however, that the deeds are void, nor do we construe the decree of the chancellor as holding them so to be, although he did sustain a demurrer to the bill, in its then shape, as to the deeds. Without affirming or disaffirming the correctness of the decree of the chancellor in sustaining the demurrer of the Middlebrookses to the bill, we do not find that the deeds are valid to the extent of depriving complainants of the right to assail the subsequent mortgages as being void against them.

The bill is filed upon the theory, supported by proper allegations, that both deeds and both mortgages were but parts of one scheme to defraud the creditors of W. T. Middlebrooks, and that the grantees in each of the deeds and mortgages were either actually cognizant of the fraudulent intent, or chargeable with notice thereof, and that the mortgages were void as against these complainants. We therefore hold that there was no error in overruling the demurrers of the banks to the bill. It is well to here note that the bill has been amended since the rulings on the demurrers. The averments as to fraud on the part of the mortgagors and mortgagees,

contained in the bill as originally filed, we hold to be sufficient against the demurrers of the mortgagees.

[1] The participation of the purchaser in the fraud may be shown by proof of such fact or facts as are sufficient to charge him with notice of the debtor's fraudulent intent, and for this purpose knowledge on his part of facts which, however general in their nature, are sufficient to put him on inquiry, by reasons only exciting in his mind a just suspicion as to the honesty or bona fides of the transaction, is sufficient.

[2] It is customary and proper, in bills which attack conveyances on the ground of fraud to the injury of creditors, to aver in terms that the conveyance was made to hinder and delay and defraud creditors. In many such cases such an intent is an essential predicate to relief; but the existence of this intent cannot, under our law, be proved or disproved by the oath of the party to whom it is imputed. It is not a fact about which he can directly depose. In the nature of things, none other than such party can affirm directly that it did or did not exist at the time under inquiry. So that in all cases its existence vel non is a matter of inference, to be drawn from the facts and circumstances surrounding and characterizing the transaction. Coal City Co. v. Hazard Co., 108 Ala. 218, 19 South. 392. It results that the decree of the chancellor must be affirmed.

It is proper for us to here add that we do not now pass upon the sufficiency of the averments of fraud against the grantees in the deeds, as to which the chancellor sustained the demurrer.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.