(78 South. 829)

MIDDLEBROOKS et al. v. MOORE–HANDLEY HARDWARE CO. et al.
(4 Div. 766.)

(Supreme Court of Alabama. April 11, 1918.)

1. FRAUDULENT CONVEYANCES ⬤⟲263(1) — PLEADING—SUFFICIENCY.

Creditors' bill, alleging that debtor and wife made voluntary conveyance to daughter with intent to defraud existing and future creditors,

and that grantee knew of, participated in, and conspired with the grantors to perpetrate the fraud by permitting the grantors to remain in possession and collect the rents, was not subject to demurrer.

2. FRAUDULENT CONVEYANCES ⬤⟲255(2) — ACTIONS—PARTIES.

Grantor's wife and husband of grantee in an alleged fraudulent conveyance, if not necessary, were proper, parties in suit to set aside the conveyance, where bill alleged that the wife joined in the conveyance, and the husband joined in a mortgage by the grantee to other persons, with intent to perpetrate the fraud.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Bill by the Moore-Handley Hardware Company and others against W. T. Middlebrooks and others. From a decree overruling demurrers to the bill as amended, defendants appeal. Affirmed.

Bill by appellees, as creditors of W. T. Middlebrooks against the said W. T. Middlebrooks and his wife, E. D. Middlebrooks, and L. M. Middlebrooks, the daughter of the debtor, and her husband, H. E. Middlebrooks, the Houston National Bank, and the Dothan National Bank, seeking to have certain conveyances made by the debtor declared void as against the creditors. Upon submission of the cause for decree upon demurrers filed by respondents to the original bill, the demurrers of the respondents Middlebrooks were sustained, and those of the two respondent banks overruled, from which decree an appeal was prosecuted to this court, resulting in an affirmance of the decree of the chancellor in overruling the demurrers to the Houston National Bank and the Dothan National Bank. See Dothan National Bank v. Moore-Handley Hdw. Co., 200 Ala. 401, 76 South. 317.

Paragraph 8 of the original bill had to deal with a deed alleged to have been executed by W. T. Middlebrooks and his wife, E. D. Middlebrooks, to L. M. Middlebrooks, the daughter of W. T. Middlebrooks, with the intent to hinder, delay, and defraud the creditors of said W. T. Middlebrooks; said deed purporting to bear date of May 8, 1912, and recorded on April 7, 1914. A sufficient statement of the case appears in tne opinion on former appeal. Subsequent to the decree on demurrers, complainant amended paragraph 8 of the original bill so as to add thereto the following:

"Eighth. And complainant avers that the said respondent W. T. Middlebrooks, together with his wife, E. D. Middlebrooks, with the intent and for the purpose of hindering, delaying, and defrauding the existing and subsequent creditors of the said W. T. Middlebrooks, and to put the property of said W. T. Middlebrooks beyond the reach of his existing and subsequent creditors, did execute a deed to L. M. Middlebrooks, purporting to be dated on the 8th day of May, 1912, which deed was withheld from record until the 7th day of April, 1914, for a pretended consideration of $1 and other good and valuable consideration, the real property described in subdivision A of the original bill of complaint, and a copy of said deed is hereto attached and marked 'Exhibit B,' and made a

part hereof, and complainant avers that the said L. M. Middlebrooks well knew that the said deed was executed to her to defraud the creditors of said respondent, and that she paid no consideration to the respondent W. T. Middlebrooks for the execution of said deed; that the said respondent L. M. Middlebrooks, well knowing that said deed was made in fraud of the creditors' of said W. T. Middlebrooks, fraudulently withheld the same from record from the date said deed purports to be signed until the 7th day of April, 1914. And complainant avers that the said L. M. Middlebrooks participated in and was a party to said fraud, in that she well knew said deed was executed to her by said W. T. Middlebrooks in fraud of his creditors, and that she conspired with the said W. T. Middlebrooks to withhold same from record and to permit said W. T. Middlebrooks to continue in the active management of said lands and to take rent notes payable to himself for the rent of said lands and to use and control said lands as his own, in fraud of his existing and subsequent creditors. And complainant avers that said deed was not filed for record until after the commencement of the suits described in paragraph 5 of the original bill of complaint."

Demurrers were then interposed to the bill as amended, resulting in a decree overruling the said demurrers of each of the respondents. From this decree the respondents prosecute this appeal.

Farmer & Farmer, of Dothan, for appellants. Martin & Crawford, of Dothan, and Steiner, Crum & Weil, of. Montgomery, for appellees.

GARDNER, J. On the former appeal in this cause (Dothan National Bank v. Moore-Handley Hdw. Co., 76 South. 317 [1]), it was ruled that the demurrers of the Houston National Bank and the Dothan National Bank were properly overruled by the court below; and this appeal presents for consideration the sufficiency of the averments of the bill as amended, as to the alleged fraudulent conveyance by the debtor, W. T. Middlebrooks, to his daughter, L. M. Middlebrooks, of date May 8, 1912, purporting to convey certain real estate and other property therein described.

[1] As we construe the amendment filed in the cause in connection with the allegations of paragraph 8 of the original bill, the bill as amended in substance and effect charges that the deed from W. T. Middlebrooks and his wife, E. D. Middlebrooks, to their daughter, L. M. Middlebrooks, was without consideration, and was executed with the intent and for the purpose of hindering, delaying, and defrauding the existing and subsequent creditors of said W. T. Middlebrooks, and for the purpose of placing the property of the said W. T. Middlebrooks beyond the reach of both his existing and subsequent creditors; that the consideration recited in said deed of "one dollar and other good and valuable consideration" was but a pretended consideration; that the daughter, L. M. Middlebrooks, knowing the said deed was made in fraud of the creditors of her father,

fraudulently withheld the same from record from the date when it purports to have been signed until April 7, 1914, and that she participated in said fraud, and conspired with her father 'to withhold the same from record; that she permitted the said W. T. Middlebrooks to continue in the active management of said land, and to use and control the same as his own, said deed not being filed for record until after the commencement of the suits brought by the original complainant. The bill, therefore, as amended, not only shows that the deed sought to be set aside was a voluntary conveyance, executed with fraudulent intent both as to existing and subsequent creditors, but that the grantee knew of the fraud, participated therein, and conspired with the grantor to withhold the deed from record—permitting the grantor to remain in the possession of the property as the ostensible owner. The bill as amended was not subject to the demurrer interposed thereto. Mathews v. Carroll, 195 Ala. 501, 70 South. 143; McGhee v. Bank, 93 Ala. 192, 9 South. 734; Lehman v. Van Winkle, 92 Ala. 443, 8 South. 870; Williams v. Spragins, 102 Ala. 424, 15 South. 247.

E. D. Middlebrooks, the wife of respondent W. T. Middlebrooks, joined her husband in the execution of the deed to L. M. Middlebrooks, and H. E. Middlebrooks joined his wife in the execution of the mortgages to the two banks, all for the alleged purpose of hindering, delaying, and defrauding the creditors of said W. T. Middlebrooks.

[2] One of the assignments of demurrer attacks the bill for a misjoinder of parties respondent, in that said E. D. Middlebrooks and H. E. Middlebrooks are made parties respondent, and separate demurrers were interposed by each of the respondents. While these respondents may not have been necessary parties, yet we are of the opinion, under the facts set up in the bill, they were at least proper parties, and that the demurrer taking the point of misjoinder of parties respondent was properly overruled.

The decree of the court below will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.