189 So. 74
### L. W. & P. ARMSTRONG v. MILLER.
### 7 Div. 538.

Supreme Court of Alabama.
May 18, 1939.

W. T. Murphree, of Gadsden, for appellee.

Inzer & Martin, of Gadsden, for appellants.

BOULDIN, Justice.

The appeal is from a judgment for claimant in garnishment proceedings. Code, §§ 8079, 8080.

The evidence for claimant tended to show title by gift from the judgment debtor to his wife, the claimant, prior to incurring the indebtedness to plaintiffs.

Plaintiffs attack the transactions for fraud.

The legal principles applicable to the several phases of the evidence on this issue are well settled in our jurisprudence. Subsequent creditors can avoid transfers of the debtor's property, by gift or otherwise, only for actual fraud. Fraud is not presumed. It must be proven. But actual fraud need not be directed to· subsequent creditors, putting the property out of the reach of contemplated debts, but actual fraud· directed to existing indebtedness avoids such transactions as to both existing and subsequent creditors. Seals v. Robinson & Co., 75 Ala. 363; Mathews et al. v. J. F. Carroll Mercantile Co., 195 Ala. 501, 70 So. 143; Nelson v. Boe, 226 Ala. 582, 148 So. 311.

■ Where the transfer is voluntary, a mere gift, the transferee need not participate in the actual fraud. Fraud on the part of the debtor is sufficient. Mathews et al. v. J. F. Carroll Mercantile Co., supra.

■ Where the debtor reserves the beneficial use of the property the transferee holds in trust for the transferrer, the transaction is void as to creditors, existing or subsequent. It matters not whether the instrument discloses such reservation, or is merely a private understanding. Code, § 8032; Christian & Craft Grocery Co. v. Michael & Lyons, 121 Ala. 84, 25 So. 571, 77 Am.St.Rep. 30; Seals v. Robinson, supra.

■ While the subsequent creditor carries the burden to show actual fraud, this may, as usual in cases of fraud, be shown by the circumstances, each case to be determined by its own facts and circumstances. Seals v. Robinson, supra; Manchuria S. S. Co. v. Harry G. G. Donald & Co. et al., 200 Ala. 638, 77 So. 12.

The items covered by the garnishment, and claimed by way of gift from the debtor to his wife, include two notes and mortgages executed by Herzberg-Loveman Dry Goods Company, to the debtor one for $3750, and one for $46,000, and one note executed by Louis Loveman and others for $2000, on which the evidence discloses more than $50,000 was unpaid at the time of the service of the garnishment writs. The written assignments on the real estate mortgages are dated April 1, 1935, and on the note June 15, 1935. The indebtedness to the plaintiff was incurred in October and November 1936. The assignments of the mortgages were never recorded. The claimant did not testify as a witness.

■ A careful study of this record convinces us there was error in the conclusions of the trial court. On the whole evidence we are impelled to the conclusion there was actual fraud on the part of the debtor, directed toward existing creditors, contemplated creditors, or both. ·

A review of the evidence at length would serve no good purpose.

Appellee relies upon the authority of Allen et al. v. Caldwell, Ward & Co., 149 Ala. 293, 42 So. 855, in which it was found the grantor-debtor owed no debts of account at the time of the conveyance except secured debts, which were afterwards paid, and no sufficient evidence disclosed contemplated indebtedness, he was seeking to evade.

The debtor, in the instant case, undertook to bring himself within that rule, and we gather this was the view of the trial court.

We cannot concur in such finding.

Admittedly, he was at the time indebted to the receiver of Gadsden National Bank, which had failed, and, besides his indebtedness to the Bank, an assessment had been made against him as a stockholder.

As late as June 18, 1937, this indebtedness had never been adjusted or paid, and the debtor furnished the receiver with a financial statement with a view of getting a settlement. In this statement, his indebtedness to the Bank is set down at $9361.74. It cannot be supposed he made a misstatement as to this item to the receiver having full knowledge of the truth. By this statement, his total indebtedness of that date footed $50,288.74. His assets of nominal value of $54,276.05 are reported of real value about 50 cents on the dollar of his indebtedness. The evidence is he got a settlement on the basis of this statement. Among the assets listed is the mortgage of $46,000 now in question. He seeks to explain this by saying it was included because, as to the Bank, an existing creditor, the assignment was void in that the transfer to the debtor's wife was voluntary, and constructively fraudulent. No explanation is given why these other notes and mortgages, transferred at the same time or later, also as mere gifts, were not included in this statement.

All in all the evidence is unsatisfactory as to when these assignments were actually made.

Apart from existing indebtedness in the spring of 1935, at or about the alleged date of these transfers, the debtor admittedly loaned his credit to a new business venture under management he admits to have been in bad repute, and in which his business associate and relative, Thomas Mills, was interested. Out of this venture arose plaintiff's indebtedness. Meantime Mills increased, while defendant decreased. Real estate of value passed out of the debtor during 1935, and finally the title reached his wife and Mills, who was an employee of defendant, and married his niece who had lived in his home for many years. Even his home and interest in farm lands were finally mortgaged to Mills.

The details of these transactions are conflicting in many respects, and, in any event, quite out of keeping with normal business dealings. The financial statement above mentioned discloses indebtedness of Miller to Mills aggregating $17,500. Mills' resources, as disclosed by him, did not justify any such bona fide indebtedness. Finally it was stated by Miller that a gift of $10,000 had been promised to Mills.

During the period of some two years the debtor becomes stripped of his entire estate on the face of the several transactions. Evidence of reservation of a beneficial use, the possession of the documents, collection of interest on a portion, if not all of them, until this litigation became imminent, reception of rents on property sold to Lyles, but reconveyed to Mills, all appear in the record.

We will not pursue the discussion further. We are convinced the trial court erred in the judgment rendered.

The judgment is reversed and the cause remanded for further proceedings in conformity with this opinion.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.