238 So.2d 883

**MUSCOGEE CONSTRUCTION CO. et al.**

v.

**PEOPLES BANK AND TRUST CO.**

**3 Div. 450.**

Supreme Court of Alabama.

July 16, 1970.

Rehearing Denied Aug. 27, 1970.

Richard M. Jordan, Montgomery, for appellants.

George B. Azar, Montgomery, for appellee.

MADDOX, Justice.

Peoples Bank and Trust Co., appellee here, filed a declaratory judgment action in the Circuit Court of Mongtomery County, In Equity, against appellants, Muscogee Construction Co. and W. G. Salter and his wife, Dorothy. Kovacs Salter.

Complainant alleged that it had obtained a judgment in a suit on a note against Muscogee Construction Co., a Georgia corporation, and against W. G. Salter through the Circuit Court of Montgomery County, and that a parcel of real estate located on South Court Street in Montgomery was sold in satisfaction of this judgment. Peoples Bank was high bidder at the sale and received a Sheriff's deed. Legal title to the property in question at the time of the sale was in the name of Dorothy Kovacs Salter.

Peoples Bank alleged that W. G. Salter had paid for the property in question, but that the original deed was in the name of Dorothy Kovacs and that all equitable interest and ownership of the property was vested in W. G. Salter at the date of the Sheriff's sale. Complainant says that by virtue of the Sheriff's deed, it obtained not only the equitable title but the legal title which was held by Dorothy Kovacs Salter. Mrs. Salter denied that Muscogee or W. G. Salter ever held or owned any right or interest in said property.

Briefly, the facts are that Dorothy Kovacs, an unmarried woman living in Mont-

gomery, signed a purchase agreement to buy the house and lot in question. She was to pay $15,000 for the property—$300 earnest money and $700 down at the time of closing. The sale was completed and Kovacs received a deed to the property on December 16, 1963, which was recorded the next day in the office of the Probate Judge of Montgomery County.

The evidence is in dispute relative to the payment of the earnest money, but Mrs. Salter (formerly Dorothy Kovacs) claims that she personally paid the $300 earnest money, borrowed the $700 down payment from W. G. Salter, her present husband, which she claims she later repaid to Salter, and executed a $14,000 note in her name individually for the balance of the purchase price and secured it with a real estate mortgage, which she executed individually.

In December of 1963 Mrs. Salter (then Dorothy Kovacs) made arrangements to have the house remodeled in order that she could open an interior decorating business. Unquestionably, the evidence shows that W. G. Salter was a close confidant in the making of the contract for the remodeling work and that Salter actually paid for the costs of the work. Mrs. Salter claims that as consideration for the payment by Salter of the cost of repairs she transferred to Salter 5,000 shares of stock in a Georgia insurance corporation valued at approximately $1.15 per share. The evidence shows that the 5,000 shares were originally transferred from Salter to Dorothy Kovacs on August 30, 1963. There was no showing relative to the consideration which was paid for the transfer.

On February 20, 1964, Muscogee, acting through Salter, made a note for $5,000 with Salter endorsing the note individually at Peoples Bank. It was this note on which Muscogee defaulted, on which Salter defaulted, on which Peoples brought suit, recovered a judgment, and on which levy was made on the house and lot in question.

Kovacs and Salter were married later, and Mrs. Salter continued to make the mortgage payments on the house and lot each month. The interior decorating business was never set up and the house was rented by Mrs. Salter; and she was living in Columbus, Georgia, with her husband.

The evidence was presented solely by depositions. Two depositions taken in the trial of an action filed by Salter and Kovacs in the United States District Court for the Middle District of Alabama against the individuals doing the remodeling work on the house were also introduced into evidence.

The trial court made extensive findings. Summarized, these findings were to the effect that a justiciable controversy existed between the parties, that Muscogee and Salter paid the purchase price and the costs of repair for the house in question, that during the time when the house was purchased and the repairs were made that Salter was in poor financial shape, that the transfer of the stock by and between Salter and Kovacs was for their own purposes in *"an apparent effort to hinder, delay or defraud their creditors."* The court further found that Salter and Muscogee actually paid the initial $1,000 toward the purchase price and for the repairs to the house. The court then found:

"* * * The Court further finds that Respondent Dorothy W. Kovacs held title to said above described real estate and continued to hold the same in name only and as nominal owner only, and as trustee in fact, for the said W. G. Salter and Muscogee Construction Company, Inc., and that the said Dorothy W. Kovacs did not pay any of the purchase price or consideration for said above described property and that the conveyance of the legal title to her was made on the direction of Respondent, W. G. Salter and Muscogee Construction Company, Inc., for the purpose of hiding the true ownership of said property and with the intent to hinder, delay or defraud creditors of the said W. G. Salter and Muscogee Construction Company, Inc. of their lawful suits, damages, for-

feitures, debts or demands, and that the said W. G. Salter and Muscogee Construction Company, Inc. are the true and real owners in fact of said above described property and that all of the equitable title and ownership of said above described property including all gain, increase in value, and rents was and is in the said W. G. Salter and Muscogee Construction Company, Inc. and so remained up to and including the date on which the indebtedness to Complainant, Peoples Bank and Trust Company was created and up to and including the date on which the indebtedness to Complainant, Peoples Bank and Trust Company was created and up to and including the date on which the judgment of the Circuit Court of Montgomery County, Alabama against the said Respondents Muscogee Construction Company, Inc. and W. G. Salter was entered and up to and including the date of said Sheriff's sale above referred to. The Court further finds that the equitable title to said real estate was at all pertinent times vested in Respondents Muscogee Construction Company, Inc. and W. G. Salter and that the legal title in the name of Respondent Dorothy W. Kovacs was in name only and as nominal owner only, and as Trustee in fact for the said Respondents W. G. Salter and Muscogee Construction Company, Inc. and therefore the right, title and interest of the said Respondents W. G. Salter and Muscogee Construction Company, Inc. in said real estate was subject to attachment, levy, execution and sale by creditors of the said Respondents W. G. Salter and Muscogee Construction, Inc. in payment of the lawful debts due said creditors."

Appellants assign as error the court's action in overruling their demurrer to the declaratory judgment complaint and also the court's finding that Peoples Bank, by virtue of the sheriff's deed, became vested as the owner of all the right, title, and interest in the property, both legal and equitable, of Muscogee and W. G. Salter.

It is axiomatic that in a declaratory judgment proceeding if the bill shows a bona fide justiciable controversy which should be settled, it is sufficient to withstand demurrer and a declaration of rights should be entered after demurrer and on evidence which the parties deem proper to introduce on submission for final decree. Moore v. City of Fairhope, 275 Ala. 506, 156 So.2d 366 (1963).

As already pointed out, the evidence was presented entirely by deposition; therefore, no presumption of correctness attends the findings of fact and we review the evidence as an original proposition. Carnegie v. Carnegie, 261 Ala. 146, 73 So. 2d 556 (1954). We have carefully reviewed the evidence, especially as it relates to the finding made by the trial court that the transaction was made with an intent to hinder, delay, and defraud Peoples Bank, a creditor of Muscogee and Salter, and we find that the trial court committed error in its final decree. The deed to Dorothy Kovacs was delivered on December 16, 1963, and the remodeling work was started two months prior to the time that the note was made to Peoples Bank by Muscogee, which Salter endorsed.

We are aware that where the purchase price is paid by one person and title taken in the name of another *for the purpose of defrauding the creditors of the person furnishing the consideration*, the conveyance is fraudulent as to such creditors. Hewett v. Continental Supply Co. of Huntsville, Inc., 271 Ala. 660, 127 So.2d 834 (1961).

A reading of our decisions would also indicate that where *actual fraud* exists, a conveyance made with intent to hinder, delay, or defraud could be set aside by a *subsequent* as well as an existing creditor. See L. W. & P. Armstrong v. Miller, 238 Ala. 17, 189 So. 74 (1939).

The burden of proof is upon the subsequent creditor to show actual fraud,

which can be shown by the facts and circumstances of each case, but which will not be presumed; it must be proved. L. W. & P. Armstrong v. Miller, supra; Smith v. Wilder, 270 Ala. 637, 120 So.2d 871 (1960). In fact, we have said that the right of a subsequent creditor to avoid a conveyance as fraudulent depends on the existence of fraud in the transaction, and the burden of proof is on the creditor, for such fraud must be proved and will not be presumed if the circumstances in evidence may be consonant with honesty in the parties to the conveyance. Manchuria S. S. Co. v. Harry G. G. Donald & Co., 200 Ala. 638, 77 So. 12 (1917). See also McCrory v. Donald, 192 Ala. 312, 68 So. 306 (1915).

■ The complainant failed to meet the burden of proving that Muscogee and Salter *intended to defraud* it at the time the conveyance was made to Dorothy Kovacs and the judgment of the trial court is due to be reversed and remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, HARWOOD and McCALL, JJ., concur.

## ON REHEARING

MADDOX, Justice.

On application for rehearing appellee says that we have substituted our findings for those of the trial court. We do not so read our original opinion. We noted many inconsistent statements in the depositions of the parties, as appellee pointed out initially and on application for rehearing, but our reversal and remandment was not made on the trial court's findings of fact, with the exception of the finding that there was fraud, but solely upon the ground that there was insufficient evidence *in the record* for the trial court to conclude the existence of fraud in the transaction, especially in view of the rule that fraud will not be presumed if the circumstances in evidence may be consonant with honesty in the parties to the transaction.

As we pointed out in the original opinion, fraud can be shown by circumstances surrounding a particular transaction, but is never presumed. L. W. & P. Armstrong v. Miller, 238 Ala. 17, 189 So. 74 (1939). Our reversal and remandment does not foreclose the appellee from showing, if it can, whether Salter and Muscogee were solvent at the time of the alleged fraudulent transfer, or other facts, such as circumstances surrounding the making of the loan with the bank. We cannot possibly know whether circumstances did exist which would show that fraud was present. But facts sufficient to show fraud are not in the record before us, and we have carefully reviewed it again on application for rehearing.

■ Appellee suggests that in our original opinion we held that the appellee was required to prove that the transaction was made with the specific intent to hinder, delay and defraud *Peoples Bank*. While we do not see how our original opinion could be so interpreted, we here restate the rule which we think is applicable. If there is sufficient evidence, direct or circumstantial, of actual fraud on the part of the debtor, directed toward *existing creditors*, *contemplated creditors*, or both, such transaction is void as to such creditors. We are still of the opinion, however, that the evidence in this record is insufficient to show fraud, and the evidence is certainly not of the quantity and cogency of the evidence we held to be sufficient in L. W. & P. Armstrong v. Miller, supra, strongly relied upon by the appellee. The application for rehearing is due to be denied.

Opinion extended and rehearing denied.

LAWSON, MERRILL, HARWOOD and McCALL, JJ., concur.