I respectfully dissent.
I recognize that it is the policy of this Court to presume correct the findings of a trial court based upon competent evidence, when that evidence is presented ore tenus; however, the presumption of correctness is rebuttable and may be overcome where there is insufficient evidence presented to the trial court to sustain its judgment. Cougar Mining Co. v.Mineral Land Mining Consultants, Inc., 392 So.2d 1177 (Ala. 1981). When the proof at trial fails to support the material allegations on which a suit is based, the judgment rendered cannot be upheld on appeal. First Alabama Bank of Montgomery v.Coker, 408 So.2d 510 (Ala. 1982). After a careful review of the record in this case, I cannot agree that the evidence presented was sufficient as a matter of law to sustain the trial court's finding that the May 1977 conveyance of an undivided one-half interest in property by Charles Coghlan to Elaine Coghlan "was for the purpose of defrauding present or subsequent creditors."
The pertinent facts in this case are here set out chronologically:
1. April 15, 1977. Charles's uncle, Origen Coghlan, conveyed certain properties to Charles and Elaine as tenants in common.
2. May 4, 1977. Charles conveyed his undivided one-half interest in the aforementioned property to Elaine; thus, Elaine held the property in fee simple.
3. May 13, 1977. Elaine recorded the deed from Charles.
4. January 13 and 26, 1978. Charles obtained loans from First Alabama Bank of Baldwin County (First Alabama).
5. June 26, 1978. The two January 1978 loans were consolidated into one note. *Page 1123 
6. June 9, 1980. First Alabama took a judgment against Charles based on the June 26, 1978, indebtedness.
Inasmuch as it is undisputed that the conveyance from Charles to Elaine occurred prior to Charles's obtaining the loans from First Alabama, the only issue this Court must address is whether there was presented evidence that Charles intended to defraud future or subsequent creditors, namely, First Alabama, when he conveyed his undivided one-half interest to Elaine.
The right of subsequent creditors to avoid a conveyance as fraudulent depends upon the existence of actual fraud at the time of the execution of the conveyance, and the burden of proving such fraud rests with the subsequent creditor. Fraud must be proved and will not be presumed, where facts and circumstances are consistent with honest intentions. MuscogeeConstruction Co. v. Peoples Bank Trust Co., 286 Ala. 258,238 So.2d 883 (1970); W.T. Rawleigh Co. v. Barnette, 253 Ala. 433,44 So.2d 585 (1950).
In its attempt to show evidence tending to prove actual fraud, First Alabama contends that the May 1977 conveyance was voluntary and without consideration, and that, following the conveyance, Charles retained a beneficial interest in the property. First Alabama also contends that at the time of the conveyance Charles had no income, was sick, and was working for his wife.
I agree with that part of the majority opinion holding that the May 1977 conveyance was a voluntary conveyance without consideration; nevertheless, the fact that the conveyance was voluntary does not support the trial court's determination that the conveyance was fraudulent. This Court in Allen v. Overton,208 Ala. 504, 94 So. 477 (1922), had occasion to consider the effect of a voluntary conveyance on the rights of future or subsequent creditors. Allen held:
 "A voluntary conveyance is one resting on no valuable consideration. As to existing creditors when executed and delivered, it is void per se without regard to the intentions of the parties, unless the property is exempt from the payment of the debts of the grantor. As to subsequent creditors it is valid and operative, unless there was actual fraud in the transaction; and the burden of proving the existence of the actual fraud in the transaction rests upon the subsequent creditor.
 "`The right of the subsequent creditor depends upon the existence of actual fraud in the transaction; the burden of proving it rests upon him. Seals v. Robinson, 75 Ala. 363; Allen v. Caldwell, 149 Ala. 293, 42 So. 855; McCrory v. Donald, 192 Ala. [312], 314, 68 So. 306.'
 "In writing on the subject of a voluntary conveyance, meaning conveyance without valuable consideration, this court, in McCrory v. Donald, 192 Ala. 314, 68 So. 307, wrote:
 "`A subsequent creditor cannot complain of such conveyance or have same set aside on the ground that it was made with the intent to hinder, delay, or defraud creditors, unless it is alleged in the bill, and the evidence sustains the allegation, that a fraud was committed by the parties to the conveyance and that the creditors suffered thereby.'"
208 Ala. at 506, 94 So. at 480 (emphasis added).
First Alabama also contends that Charles reserved a beneficial interest in the subject property in that he continued to reside on the property after the conveyance to Elaine. First Alabama is correct in its assertion that the reservation of a beneficial interest may be considered as evidence of fraud, L.W. P. Armstrong v. Miller, 238 Ala. 17,189 So. 74 (1939); however, I find no merit in the argument that merely because Charles continued to reside with his wife, First Alabama has somehow met its burden of proof. First Alabama does not contend that after the conveyance Charles represented to others that he owned the property, that he received rents from the property, or that he paid taxes on *Page 1124 
the property, all of which would indicate the reservation of a beneficial interest. Justice McClellan in Mathews v. J.F.Carroll Merc. Co., 195 Ala. 501, 505, 70 So. 143, 145 (1915), a case involving a conveyance from a debtor husband to his wife, noted that the "fact that there was no apparent change of possession of the residence property, which was occupied by the husband and the wife, after the voluntary conveyance was made, could not alone suffice to characterize the transaction as the product of bad motives."
Likewise, I find no merit in First Alabama's argument that actual fraud could be inferred from the facts that Charles was sick, worked for his wife, and failed to file an income tax return for 1977. I would add, however, as evidence that the conveyance was consistent with honest intention, that Charles conveyed his interest a full eight months prior to obtaining the loans from First Alabama and that when Charles received the loans he was debt free. Moreover, Charles never represented to First Alabama that he had an interest in the property, and First Alabama took a financial statement from Charles prior to approving the loans.
As further evidence of actual fraud, First Alabama relies on a series of judicial proceedings which occurred subsequent to the May 1977 conveyance. The heirs of Malachi Coghlan filed suit to set aside certain conveyances from Malachi to Origen. The disputed conveyances involved, in part, a portion of that property which Origen conveyed to Charles and Elaine as tenants in common. As a result of the suit filed by the heirs of Malachi, Charles and Elaine were divested of a one-half interest in that property which Origen had conveyed to them.
Malachi's heirs then filed a suit for partition and division and sale of the subject property. This suit resulted in the entry of a consent decree by the Baldwin County Circuit Court ordering that the property that had been conveyed by Origen to Charles and Elaine and then divested after the suit filed by the heirs of Malachi, be sold at a private sale to Charles and Elaine. The consent decree was entered February 29, 1980. On November 29, 1980, the circuit court entered its final decree; however, the final decree ordered the register of the circuit court to execute a deed to Elaine. No mention was made of Charles. Between the time of the decree with the order to sell the property to Charles and Elaine and the final decree with the order to execute a deed to Elaine, First Alabama obtained its judgment against Charles. First Alabama contends in its brief that the change that occurred was "dictated" by the judgment obtained against Charles.
Two inferences can be drawn from the change. First, it can be inferred that the Baldwin County Circuit Court made a mistake when it ordered the sale to Charles and Elaine and that the court corrected its mistake in the final decree. It is possible that the court, when it entered the order of sale, inadvertently failed to consider the conveyance of May 1977 in which Charles conveyed all his interest in the subject property to Elaine. The second inference is that the Baldwin County Circuit Court participated in a fraud against First Alabama. On the basis of the evidence presented, I am not prepared to indulge in the inference that the circuit court participated in a fraud.
In summary, there is simply no evidence of actual fraud in connection with the May 4, 1977, conveyance from Charles to Elaine; therefore, the judgment of the trial court should be reversed.
SHORES, J., concurs. *Page 1125