**R.G. COPE, JR., INC., Alleged Transferee, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 84–7785.

United States Court of Appeals, Eleventh Circuit.

Feb. 3, 1986.

Rehearing Denied March 17, 1986.

Jr., Inc. (a corporation of which R.G. Cope, Jr. is president and principal stockholder) is liable as transferee under 26 U.S.C. 6901 for tax liabilities of R.G. Cope's parents, Robert G. Cope, Sr. (Hereinafter sometimes called "father") and of Allene D. Cope ("mother"). The tax years involved are 1972–1975. They did not file returns for 1974 and 1975. The father began having financial difficulties in 1969.

As a result of the father's difficulties, the mother placed a second mortgage on the home she had built on a lot she had bought on January 2, 1970. This is called the Monterrey property. Title was in her name alone. She transferred this property to the son's corporation on January 5, 1976. Her husband, as is customary, joined in the deed. At the time of the transfer she did not know of or owe any federal income tax herself. She knew her husband was being audited, as on prior occasions.

The wife never received any proceeds from sale of the Monterrey property by the son's corporation, but it did provide her and her husband a house in which they lived on Harrison Street without paying rent.

The father also owned other properties (called the "twelve tracts") in connection with his failing real estate business. They were also conveyed by father and mother to the son's corporation. The corporation assumed the mortgages on these tracts and purchased them at foreclosure sales.

As a result of the above-recited transfers both father and mother were rendered insolvent, and the IRS could not collect taxes due by enforcing its lien.

On December 19, 1976 the father and mother executed a form 4549 permitting immediate assessment of tax liability for specified amounts for the years 1972 through 1975. Assessment took place on March 21, 1977. By their similar agreement tax liability for 1974 and 1975 was assessed on March 21, 1977. On May 19,

Berry, Ables, Tatum, Little & Baxter, P.C., Thomas E. Parker, Jr., Huntsville, Ala., for petitioner-appellant.

Glenn L. Archer, Jr., Asst. Atty. Gen., Tax Div., U.S. Dept. of Justice, Michael L. Paup, William S. Estabrook, Nancy G. Morgan, Washington, D.C., for respondent-appellee.

Before TJOFLAT and KRAVITCH, Circuit Judges and DUMBAULD *, Senior District Judge.

DUMBAULD, Senior District Judge:

This is an appeal from the Tax Court which decided that appellant, R.G. Cope,

---

* Honorable Edward Dumbauld, Senior U.S. District Judge of the Western District of Pennsylvania, sitting by designation.

1977, a tax lien for all years was filed against them both.

■ Whether any of the foregoing transfers were fraudulent is to be determined under Alabama law. *Commissioner v. Stern*, 357 U.S. 39, 42–45, 78 S.Ct. 1047, 1049–51, 2 L.Ed.2d 1126 (1958). All parties are in accord that the Alabama statute on fraudulent conveyance [1] requires three elements to establish the existence of a fraudulent conveyance: (1) a creditor to be defrauded; (2) a debtor intending to defraud; and (3) a conveyance of property out of which the creditor could have realized his claim or a portion thereof. *Roddam v. Martin*, 285 Ala. 619, 235 So.2d 654, 657 (1970). Constructive fraud is recognized when an insolvent debtor makes a voluntary conveyance of property to avoid its transfer to a creditor. An existing creditor at the time of the conveyance may have it set aside either because of actual fraud or on account of constructive fraud. A subsequent creditor may set it aside only for actual fraud. *Smith v. Wilder*, 270 Ala. 637, 120 So.2d 871, 882 (1960). If there is no evidence that the grantor was insolvent, failing, or financially embarrassed at the time of the conveyance, and the consideration was a new one (not resting on a prior indebtedness) the grantee need show only valuable consideration (substantial and not merely nominal) rather than adequate. *Ibid.*, 883. To the same effect see *J.C. Jacobs Banking Co. v. Campbell*, 406 So.2d 834, 841–44 (1981), quoting from *Smith v. Wilder*. Inadequate consideration may be a circumstance tending to prove actual fraud, which is not to be presumed but may be proved by circumstantial evidence. *Muscogee Construction Co. v. Peoples Bank & Trust Co.*, 286 Ala. 258, 238 So.2d 883, 886–87 (1970).

■ Applying the Alabama law, we conclude, with respect to the Monterrey property, that the IRS was not an existing creditor at the time of the conveyance by the mother on January 5, 1976, and is not entitled to set it aside. The property was in her name alone, and there was no liability on her part at that time for any taxes due and owing by her husband. Later, on December 19, 1976, when she signed a form 4549, she acknowledged joint liability with her husband for his tax deficiencies.

■ With respect to the other so called "twelve tracts" we conclude that appellant is in by the judicial sale at foreclosure, which gives it a good and valid title. A collateral attack on the judicial sale could be successful only upon proof of conduct to chill the bidding or otherwise defeat the operation of what President Reagan likes to call "the magic of the marketplace." If publication had been made in an obscure country weekly newspaper rather than in the Atlanta Constitution, or prospective bidders had been lured into a tavern and plied with drinks so that they forgot to attend the sale, or had been threatened and coerced into staying away, the normal market function might have been defeated and the sale invalid. But where, as here, the judicial sale is freely and fairly conducted, it sets *per se* the value of the property sold. Other bidders than the holders of the mortgages would have offered more than the amount of the mortgage if in their opinion the property was worth more.

Since the conveyances both of the Monterrey property and the other "twelve tracts" were not fraudulent, the delinquent taxes of Cope, Sr. can not be collected from the appellant corporation of Cope, Jr. under 26 U.S.C. 6901. The judgment of the Tax Court is

REVERSED.

---

**1.** All conveyances or assignments in writing, or otherwise, of any estate or interest in real or personal property and every charge upon the same made with intent to hinder, delay or defraud creditors, purchasers or other persons of their lawful actions, damages, forfeitures, debts or demands and every bond or other evidence of debt given, action commenced or judgment suffered with the like intent, against the persons who are or may be so hindered, delayed or defrauded, their heirs, personal representatives and assigns, are void. [Ala.Code (1975) § 8-9-6]